Argued July 9, reversed and remanded September 5, 1968

STATE OF OREGON, *Respondent, v.*
WILLIAM VAN O'NEAL,
*Appellant.*
444 P. 2d 951

*Gary D. Babcock*, Public Defender, Salem, argued the cause and filed a brief for appellant.

*Jacob B. Tanzer*, Assistant Chief Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and RODMAN, Justices.

DENECKE, J.

The defendant was convicted of illegal possession of narcotics and appeals upon the ground that evidence introduced by the state was illegally obtained.

At 3:00 a.m., December 8, 1966, in Portland, police officers observed the defendant driving an automobile. The officers stopped the car because it had no rear license plate. The officers asked the defendant for his operator's license and the defendant produced an Oregon temporary operator's license which had expired several years before. The temporary license was issued to one Willy Van Rayburn. At this time the police did not know the defendant's true identity. The officers arrested the defendant for driving with no rear license plate and placed him in the back seat of the police car. He was also given citations for operating a vehicle without an operator's license and for operating a vehicle with an expired front license plate.

One of the officers got in the police car and asked

the defendant to remove his money from his wallet and give his wallet to the officer. The defendant did so and the officer took papers from the wallet and examined them. When the officer unfolded one piece of paper a half-smoked marijuana cigarette fell out. The possession of this half-smoked cigarette is the basis for the conviction in this case.

The defendant moved to suppress the cigarette as evidence and the state sought to justify the search on the basis of a search incident to an arrest. The trial court upheld the state's position.

The justification for permitting a search incident to an arrest was stated by Mr. Justice Frankfurter in *United States v. Rabinowitz*, 339 US 56, 70 S Ct 430, 94 L ed 653 (1950). Although this was in a minority opinion, this statement is accepted as legal doctrine:

> "* * * In plain English, the right to search incident to arrest is merely one of those very narrow exceptions to the 'guaranties and immunities which we had inherited from our English ancestors, and which had from time immemorial been subject to certain well-recognized exceptions arising from the necessities of the case.' * * *

> "* * * Its basic roots, however, lie in necessity. What is the necessity? Why is search of the arrested person permitted? For two reasons: first, in order to protect the arresting officer and to deprive the prisoner of potential means of escape, * * * and, secondly, to avoid destruction of evidence by the arrested person. * * *." 399 US at 71-72.

■ Stated more succinctly, a search incident to arrest is justified only for the safety of the arresting officer, or because it has relevance to the crime for which the accused is arrested. The safety-of-the-officer reason was recognized in *State v. Chinn*, 231 Or 259, 267, 373 P2d 392 (1962). This court recognized the

second portion of this principle in the majority opinion in *State v. Krogness,* 238 Or 135, 144, 388 P2d 120, cert den 377 US 992, 84 S Ct 1919, 12 L ed2d 1045 (1964), and stated: "As a general rule, the search must be reasonably related to the offense which prompts the arrest." A majority of the court in that case approved the search of the car trunk of one who had been arrested for a minor traffic violation. However, this was on the basis of a finding of the trial court that the officer had probable cause to believe that a game violation had been committed.[①]

■ The search of the wallet obviously had nothing to do with the officers' safety. The defendant testified that the officers "patted him down" before placing him in the police car. The officers did not remember whether they had or had not. In any event, it is difficult to see how defendant's wallet could have reasonably been believed to have contained a weapon.

We also conclude that the search could not reasonably relate to the offenses for which the defendant was arrested or cited. We can conceive of nothing that could be found in defendant's wallet that would be evidence of driving without a license plate, driving with an expired plate, or driving without a valid operator's license.

■ The defendant's wallet could have contained exculpatory evidence such as a valid operator's license or a copy of an application for license plates. However, there is no reason to authorize a search incident to arrest to discover exculpatory evidence because in normal circumstances the accused party will produce such evidence without a search.

---

[①] United States ex rel Krogness v. Gladden, 242 F Supp 499 (DC Or 1965), granted Krogness's petition for habeas corpus and held that the search was illegal.

The state concedes that not every traffic violation with an ensuing arrest would authorize a search; however, it contends that in this case, because of the nature of the charges, a question of identity arose and the officers had the right to attempt to find out by searching the driver's wallet who the accused was. The driver's identity has no relationship to the charges against him; the driver's conduct in the particulars charged are law violations regardless of who he is.

█ It is true that the circumstances could have aroused the officers' suspicion that the car was stolen or that some other criminal activity was afoot. The officers did not so testify and we cannot think of any objects that normally would be found in a man's wallet which would afford any evidence that the car he was driving was stolen. The officers had no probable cause, as distinguished from suspicion, to believe that the car was stolen or that the defendant had committed any other crime. As previously stated, in *State v. Krogness*, supra (238 Or 135), we have accepted the proposition that in order to search any interior compartments of a vehicle after a traffic arrest, there must be probable cause to believe that some crime, other than the traffic offense, has been committed, and the search must be relevant to that other crime.

The motion to suppress should have been granted.

Reversed and remanded.

PERRY, C. J., dissents.