Argued June 22, reversed and remanded for further
proceedings August 26, 1971

STATE OF OREGON, *Appellant, v.*
DANNY M. EMFINGER, *Respondent.*

487 P2d 1393

*Robert M. Burrows,* District Attorney, Grants Pass, argued the cause and filed the brief for appellant.

*Daniel J. Wolke,* Grants Pass, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

The state appeals from an order suppressing evidence taken by an officer in a search of defendant's automobile. The officer testified he was in his private automobile with his cap off on his way home after going off shift when he observed defendant, a minor, and another minor, in a moving automobile. The defendant was drinking beer which, in itself, was a misdemeanor. ORS 471.430 (2). The officer displayed his badge and motioned for defendant to pull over. The defendant kept going for four or five blocks, but finally pulled into a private driveway. The officer checked identification, verified that defendant and his companion were minors, observed a six-pack of beer in the car which he took into his possession, and then directed defendant to drive to the state police office where a citation for minor in possession of liquor would be made. The officer testified:

> "A I didn't have a misdemeanor citation with me, and also, it was in a private driveway, and I didn't have a hat on and I wasn't in a patrol car. I didn't want to continue my investigation on my case and close it there for the simple reason that it was in a neighborhood and it didn't seem the right thing to do at this time.
>
> "Q Did the Defendant object to doing this?
> "A No."

At the police office the officer made a further search of the vehicle, and in the glove box found a plastic bag containing a substance that he identified as marihuana. It was on a charge of illegal possession of marihuana that the motion to suppress was made.

The trial court suppressed the marihuana as evidence, stating:

> "* * * The time had long passed for the officer to be in fear of his safety, and he had evidence with which to convict the Defendant on the initial charge for which he was arrested. There was no need to search the car * * *."

The court had the benefit of memoranda from counsel which cited *State v. Elkins,* 245 Or 279, 422 P2d 250 (1966), and *Preston v. United States,* 376 US 364, 84 S Ct 881, 11 L Ed 2d 777 (1964). The court apparently did not have called to its attention the later case, *Chambers v. Maroney,* 399 US 42, 90 S Ct 1975, 26 L Ed 2d 419 (1970). There the United States Supreme Court said:

> "* * * 'The right to search and the validity of the seizure are * * * dependent on the *reasonable cause* the seizing officer has *for belief that the contents of the automobile offend against the law'* * * *." (Emphasis supplied.) 399 US at 49.

> "* * * [T]he circumstances that furnish probable cause to search a particular auto for particular articles are most often unforeseeable; moreover, the opportunity to search is fleeting since a car is readily movable. Where this is true * * * if an effective search is to be made at any time, either the search must be made immediately without a warrant or the car itself must be seized and held without a warrant for whatever period is necessary to obtain a warrant for the search.
>
> "* * * * *

"Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the 'lesser' intrusion is permissible until the magistrate authorizes the 'greater.' But which is the 'greater' and which the 'lesser' intrusion is itself a debatable question and the answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding the car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. *Given probable cause to search, either course is reasonable under the Fourth Amendment.*" (Emphasis supplied.) 399 US at 50, 51-52.

*See also, State v. Keith,* 2 Or App 133, 465 P2d 724, Sup Ct *review denied* (1970); *State v. McCoy,* 249 Or 160, 437 P2d 734 (1968).

In the case at bar we conclude that the circumstances warranted the officer in believing there would be more liquor in some of the places in the vehicle where he searched. He testified that he based his belief upon his experience in searching other vehicles under similar circumstances. The search was " 'reasonably related to the offense which prompted the arrest.' " *State v. O'Neal,* 251 Or 163, 166, 444 P2d 951 (1968).

That the officer had found some liquor in the possession of the minor did not preclude him from searching for more, for all such liquor in the possession of the minor "offended against the law," in the words of *Chambers.* Under that decision it was reasonable for him to make the search without a warrant rather than hold the defendant's automobile for a longer period of time while he obtained a warrant. Thus, the marihuana was seized in the course of a reasonable

search, incidental to lawful arrest; it was legally-obtained evidence. *State v. Randolph,* 222 Or 389, 394, 353 P2d 238 (1960).

Reversed and remanded for further proceedings.