Petition for review allowed September 6, argued on review
October 10, 1972, reversed June 1, 1973

# STATE OF OREGON, *Respondent, v.* BARBARA JEAN KELLER, *Petitioner.*

510 P2d 568

*Walter L. Barrie,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Howard R. Lonergan,* Portland, argued the cause for petitioner. With him on the brief was Glenn A. Geurts, Portland.

BRYSON, J.

The defendant was indicted for illegal possession of dangerous drugs, ORS 475.100. Before trial, the defendant moved to suppress the evidence found by police while making an inventory search of her automobile after a lawful arrest, but without a search warrant. The trial court granted the motion to suppress the evidence (drugs, etc.) found in a tackle box but denied the motion to suppress the evidence (syringes and needles) found in an open cosmetic case and in plain view. The state appealed pursuant to ORS 138.060 (4). The Court of Appeals reversed the trial court, *State v. Keller,* 9 Or App 613, 497 P2d 868 (1972). We accepted review as this court has not addressed the subject of an "inventory search" of an automobile without a search warrant.

The essential facts are as follows. On October 17, 1971, officers Van Horn and Nelson of the Portland Police Department stopped the defendant while driving her automobile to see if she had a valid driver's license. They had arrested her on October 4, 1971, and knew her license had been suspended. A radio check revealed her license was still suspended, and she was

arrested for driving an automobile with a suspended driver's license. Her passenger was intoxicated, and he was arrested for being drunk on the street. Defendant and the passenger were placed in the police vehicle.

The officers called a tow truck to remove defendant's vehicle from the street and proceeded to inventory the contents of the car. The police inventory of the car's contents was pursuant to administrative requirements that police note the type of motor and transmission, tires, valuables, body damage, color of car, and weapons. During inventory of the contents of the car, the police noted an open cosmetic case on the floor in front of the driver's seat, and its contents, syringes and needles, were in plain view. They also observed a fishing tackle box, on the floor of the back seat, held closed by a "red wire tied around it."

The police removed the wire and opened the tackle box to inventory its contents and observed five vials of liquid, litmus paper, and razor blades. The liquid was later determined to be a dangerous drug, which was the basis of the indictment against defendant. Officer Nelson testified that when the box was opened there was the odor of methamphetamine, which he had smelled before in a "narcotics lab." The facts are not in dispute.

The posture of the case is a lawful arrest followed by a reasonably required inventory search of the car's contents preparatory to having the automobile towed away and impounded. The only testimony offered on the motion to suppress was given by the two officers. They both testified that the sole purpose of the search was to inventory the car's contents, and the trial court made a finding to this effect.

Under facts such as we have in the instant case,

the great weight of authority supports such a search as reasonable and lawful as to evidence of crime that comes into "plain view" of the inventorying officer, whether or not related to the crime for which the arrest has been made. See cases and authority collected in Annotation 48 ALR3d 537.

This court approved the "plain view" doctrine as an exception to the search warrant requirement in *State v. Ramon,* 248 Or 96, 99, 432 P2d 507 (1967). *See also, United States v. Mitchell,* 458 F2d 960 (9th Cir 1972), (a partially opened jewelry sample case in plain view).

The United States Supreme Court has not ruled directly on an inventory search of an automobile without a search warrant where the evidence is not in "plain view." In *Coolidge v. New Hampshire,* 403 US 443, 467-68, 91 S Ct 2022, 29 L Ed 2d 564 (1971), the United States Supreme Court affirmed the "plain view" doctrine, i.e., contraband that comes into plain view of a police officer, who is lawfully in a position to see it, may be seized without a warrant and used as evidence in a criminal prosecution under certain circumstances. One of those circumstances is where the item is uncovered during a search incident to an arrest and where "a police officer is not searching for evidence against the accused but nonetheless inadvertently comes across an incriminating object."

■■ The question before us is whether the objects (vials of liquid) enclosed in the tackle box were subject to seizure. We think not. The vials were within the tackle box which was sealed closed by the red wire, and they were not in "plain view." The officers testified they were not searching for evidence, but were only inventorying the automobile's contents. With no

exigent circumstances present they could have easily inventoried "one fishing tackle box," along with other items in plain view. If they had probable cause to believe a crime was being committed, after seeing the syringes and needles in the open cosmetic case, they could have sought a search warrant from a disinterested magistrate.

Both the federal and state constitutions provide that people shall be secure in their "papers" and "effects" against "unreasonable search and seizure."[1]

In *State v. Montague,* 73 Wash 2d 381, 438 P2d 571 (1968), the court upheld an inventory search preparatory to impounding defendant's automobile after a lawful arrest. The police found marijuana in a brown paper bag on the floor of the car. The case does not discuss the "plain view" aspects of the case or if the brown bag was sealed.

In *People v. Sullivan,* 29 NY2d 69, 323 NYS2d 945, 272 NE2d 464 (1971), a briefcase was found in an impounded car after being removed from a "tow-away" zone. There was no arrest until the police opened the closed briefcase and found a loaded gun. The case holds that an automobile inventory is not a "search" and the gun was admitted in evidence. *See also, State v. Wallen,* 185 Neb 44, 173 NW2d 372 (1970), and cases collected in Annot., 48 ALR3d at 555.

---

[1] U. S. Constitution, Fourth Amendment:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, * * *."

Oregon Constitution, Art I, § 9:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, * * *."

■ We believe the better reasoning is expressed in the following cases. In *Mozetti v. Superior Court of Sacramento County*, 4 Cal 3d 699, 94 Cal Rptr 412, 484 P2d 84 (1971), the petitioner (mandamus to require suppression of evidence) was involved in a two-car collision and was taken to the hospital. Police arrived and her car was blocking the roadway. "In accordance with standard [police] procedure" the officer was instructed to prepare an inventory of the contents of petitioner's automobile prior to having it towed away. In the course of his inventory, the officer saw an unlocked suitcase on the back seat, in addition to other items in plain view. "Finding the suitcase unlocked he opened it, apparently to determine if it contained any articles of value." Inside he found a plastic bag containing marijuana, which was the basis of the information charging petitioner with possession of marijuana. The facts are parallel to the case at bar except there was no lawful arrest. The court held:

> "We have no doubt that the police, in the course of such valid protective measures, may take note of any personal property in plain sight within the automobile being taken into custody. Any objects clearly visible without probing—including the suitcase in this instance—may be listed in an inventory or other police report. (See Harris v. United States (1968) supra, 390 U.S. 234, 236, 88 S. Ct. 992, 19 L. Ed2d 1067. What concerns us here is the reasonableness of the search *into* the closed suitcase.
>
> "* * * Thus we find unpersuasive the contention made by the People that the inventory of contents not within plain sight is reasonable because it is necessary to protect the property for the benefit of the vehicle owner." (Emphasis theirs.) 4 Cal 3d at 707-08, 94 Cal Rptr at 417, 484 P2d at 89.

The court concluded that the warrantless search *into* the closed suitcase and seizure of the marijuana was

not justified where the search was not incident to lawful arrest, based on probable cause to believe that the vehicle contained contraband and there were no exigent circumstances which made the search reasonable and necessary. Justice Burke concurred, writing, "If, in the course of such activity, the police observe contraband or other incriminatory evidence they may seize it, for it is well established that 'objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence,'" relying upon *Harris v. United States, supra,* and his earlier opinion in *People v. Bradley,* 1 Cal 3d 80, 81 Cal Rptr 457, 460 P2d 129 (1969).

In *State v. Gwinn,* Del Supr, 301 A2d 291 (1972), the police arrested defendant for operating a motor vehicle while under the influence of alcoholic liquor, and called a tow truck to impound the automobile. "In accordance with controlling police regulations and procedure," the officer, without a search warrant, inventoried the vehicle's contents preliminary to impounding to protect the owner, tow company, and police. The officer saw a closed satchel, opened it, and found marijuana, which was the basis of the charge against defendants. The court held that the search was reasonable as to items in "plain view" of the inspecting officer in the course of inventorying and admissible as evidence of crime whether or not related to the offenses for which the arrest was made (citing numerous state and federal court opinions) because the search was not under pretext to gather evidence, which was inadvertently discovered. However, the court suppressed the evidence (marijuana) in the closed satchel and held that the opening of the closed satchel was unreasonable and not necessary as a part of an inventory search to

protect the owner or police. The court recognized that there could be exigent circumstances apparent by "sound or sight" to the police that might alter the circumstances but found none existing under the facts of the case.

To the same effect, *see Boulet v. State,* 17 Ariz App 64, 495 P2d 504 (1972) (closed shaving satchel in plain view) ; *Commonwealth v. Linde,* 448 Pa 230, 293 A2d 62 (1972) ; *Dombrowski v. Cady,* 471 F2d 280 (7th Cir 1972), U. S. cert. granted, 409 US 1059, 93 S Ct 556, 34 L Ed 2d 510 (1972). Szajkowski, *The Aftermath of Cooper v. California,* 1968 U Ill L F 401; Nelson, *Chimel v. California: A Potential Roadblock to Vehicle Searches,* 17 UCLA L Rev 626, 640 (1970).

In a close case of a warrantless search and impoundment of an automobile there is a delicate balance between conflicting public and private interests—the need to search to protect law officers and car owners and the invasion of Fourth Amendment protected interests of private citizens. We recognize that there may be exigent circumstances but none are present in the case at bar. After finding the partially opened cosmetic case with syringes and needles in plain view, a search warrant could have been obtained from a disinterested magistrate on probable cause. The opening and searching of the closed fishing tackle box was an unreasonable search violative of defendant's federal Fourth Amendment and Oregon Article I, Section 9, constitutional rights.

The opinion of the Court of Appeals is reversed and the trial court order suppressing the evidence is affirmed.