Argued May 20, reversed and remanded June 17, reconsideration denied July 17, petition for review denied July 30, 1974

STATE OF OREGON, *Appellant, v.* DAVID LeROY STACEY (No. C 73-07-2242 Cr), *Respondent.*

523 P2d 612

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the

brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

SCHWAB, C. J.

Defendant was indicted for theft in the first degree, ORS 164.055 (1) (d). A motion to suppress evidence, a pistol, was allowed by the circuit court. The state appeals from the order of suppression.

The evidence introduced at the suppression hearing was that during the early morning hours of July 23, 1973, a deputy sheriff from the Multnomah County sheriff's office received a call on his radio about a possible theft from a vehicle. When he reached the area, he was informed by two witnesses that they had seen a person carrying something across the parking lot of an automobile dealer. One of the witnesses pointed out a van that was parked in the dealer's lot, indicated that it had not been there a few minutes before and that he had seen the person in question near the van. The officer walked up to the van and noted that the door on the driver's side was slightly ajar. It is conceded that when he looked through this opening into the van, he saw a cellophane bag behind the driver's seat that he believed, through his training and experience, contained marihuana.

The officer then looked through the window of the van toward the back of the vehicle and saw

numerous tapes and a tape deck. He then went over to the side door of the van, opened it, and looked inside. The stated purpose of this search was to find more narcotics, unreported stolen property, or property that had already been reported stolen.[1]

During this search he found clothing that contained something wrapped up inside of it, which proved to be a box containing a .38 calibre pistol which had been reported stolen earlier. The pistol is the basis of the theft indictment.

The discovery of the marihuana in plain view behind the driver's seat provided probable cause to search the vehicle for more narcotics. *State v. Krohn,* 15 Or App 63, 514 P2d 1359 (1973), Sup Ct *review denied* (1974); *State v. Keith,* 2 Or App 133, 465 P2d 724, Sup Ct *review denied* (1970). The late hour, the mobile nature of the van and the probable presence of the driver in the vicinity justified the failure to obtain a warrant. *Chambers v. Maroney,* 399 US 42, 90 S Ct 1975, 26 L Ed 2d 419, *reh denied* 400 US 856, 91 S Ct 23, 27 L Ed 2d 94 (1970); *State v. Krohn,* supra; *State v. Poole,* 11 Or App 55, 500 P2d 726, Sup Ct *review denied* (1972); *State v. Keith,* supra. Since the stolen revolver was discovered during the legal search for narcotics, it is properly admissible into evidence and should not have been suppressed. *State v. Elk,* 249 Or 614, 439 P2d 1011 (1968); *State v. Emfinger,* 6 Or App 328, 487 P2d 1393 (1971); *State v. Keith,* supra.

Reversed and remanded.

---

[1] Unlike the situation in State v. Keller, 265 Or 622, 510 P2d 568 (1973), this was not an inventory of the contents of a previously impounded vehicle.