Argued June 27, affirmed July 22, 1974

STATE OF OREGON, *Respondent, v.* ROBERT EDWARD CAVAZOS, aka ROBERT EDWARD ALIFF (No. 73-5036), *Appellant.*

524 P2d 546

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Janet Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief

were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

SCHWAB, C. J.

Property taken during a burglary, and later recovered from the trunk of defendant's car, was introduced into evidence during defendant's burglary trial. Contending that evidence was illegally seized, defendant appeals from the resulting conviction.

A police officer stopped defendant's car because it matched the description of a car reported involved in recent burglaries. In plain view on the driver's side of the front seat the officer saw a bottle containing pills with a prescription label bearing two names, neither of which was the name defendant had given the officer. Based on 10 years' experience, including training in identifying drugs, the officer believed the pills in the bottle to be barbiturates. Defendant then gave a confusing and sometimes conflicting account of why he had the bottle, stating at one point that he had gotten it from a friend whom he refused to identify, and at another point that he had found it in the car. Defendant also admitted that he had ingested some of the pills.

At this point the officer had probable cause to arrest defendant for violation of the narcotic and dangerous drugs statutes, e.g., ORS 167.207, 167.217, 167.228 and 167.238. Probable cause to arrest defendant also provided probable cause to search defendant's vehicle for additional illegal drugs. *State v. Stacey,*

17 Or App 662, 523 P2d 612, Sup Ct *review denied* (1974); *State v. Krohn,* 15 Or App 63, 514 P2d 1359 (1973), Sup Ct *review denied* (1974). Since the stolen property was discovered during a legal search for narcotics, it was properly admissible into evidence. *State v. Stacey,* supra.

Affirmed.