Argued December 16, 1975, reversed and remanded February 17, reconsideration denied March 24, petition for review denied April 20, 1976

STATE OF OREGON, *Appellant,*

*v.*

ANITA ELIZABETH WILLIS, *Respondent.*

(No. C 75-03-0981 Cr, CA 4814)

545 P2d 1392

*James A. Hill, Jr.,* Assistant Attorney General,

Salem, argued the cause for appellant. With him on the briefs were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, and Langtry and Lee, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The state appeals from an order suppressing drugs seized pursuant to a warrant. The sole issue is whether the affidavit upon which the warrant was based alleged facts sufficient to create a well-warranted suspicion that the drugs were *presently* in the premises described in the affidavit. The relevant allegations are:

"* * * [T]his informant informed me that within the past 48 hours this informant has been in the premises of * * * WILSON * * *. That while in the premises of * * * WILSON my informant did purchase a quantity of heroin from the said * * * WILSON;

"Further, the informant turned over to me the said heroin that the said informant had purchased from * * * WILSON, that I personally conducted a * * * test on the said heroin and found it to be positive for an opiate."

Much of the argument and most of the authorities cited to us relate to whether making the purchase "within the past 48 hours" made the information too stale. This is really not the question. Previous decisions of this court hold to the contrary. *State v. Braun,* 22 Or App 592, 540 P2d 1029 (1975); *State v. Hoffman,* 15 Or App 524, 516 P2d 84 (1973), Sup Ct *review denied* (1974). The question is whether, in order to be adequate, the affidavit must show some fact separate and apart from the fact of purchase indicating that there were additional illegal drugs on the premises. The trial judge held that this was necessary. We disagree.

Although we have been cited no cases directly in point, there are Oregon cases that by analogy support the proposition that the affidavit was sufficient. *Cf., State v. Krohn,* 15 Or App 63, 514 P2d 1359 (1973), Sup Ct *review denied* (1974); *State v. Emfinger,* 6 Or App 328, 487 P2d 1393 (1971). These cases involve the warrantless searches of automobiles, but there is no reason why this principle should not apply to residences as well. The only distinction that the law has drawn between the search of an automobile and a resi-

[ 411 ]

dence is that a search warrant may not be required in the case of an automobile because exigent circumstances may exist because of its mobility that would make it impractical to obtain a search warrant. However, probable cause is probable cause, regardless of whether it is to search a residence or an automobile. Therefore, if observing a person smoking a marihuana cigarette in an automobile gives rise to probable cause to search the automobile for more contraband, *State v. Krohn,* supra, or if observing a minor drinking beer in an automobile means that probable cause exists to search the car for more beer, *State v. Emfinger,* supra, then the one observation of the heroin purchased at the residence in the present case gave rise to probable cause to search that residence. It is true that in the automobile cases the searches were immediate rather than some 48 hours afterward. However, both here and in those cases the information gained from the observations gave rise to probable cause. Probable cause, thus coming into being, continues until some point at which we arbitrarily declare that it has grown stale with the passage of time. It does not gradually erode.

■■ In the context of search and seizure, probable cause does not mean more likely than not, it means only a well-warranted suspicion. *State v. Keith,* 2 Or App 133, 465 P2d 724, Sup Ct *review denied* (1970). If someone makes a sale of heroin in his residence, absent some other facts indicating the contrary, the fact of the sale in itself gives rise to a well-warranted suspicion that that person may have more drugs somewhere in his house.

Reversed and remanded.

**LANGTRY, J.,** dissenting.

I dissent because the majority disposes of the time element of "within * * * 48 hours" between seeing of the single sale of narcotics, with nothing more, and the making of the affidavit as being unimportant. As the

majority notes an elapse of 48 hours in such cases has been held not to make the information in an affidavit become too stale to justify the issuance of a search warrant. See cases cited in majority opinion. However, that does not automatically remove the time element from consideration.

In the automobile search cases the majority cites, the defendants at the very moment of searches were seen with the contraband. That certainly warrants a strong suspicion there is more in the same place. But would it, *standing starkly alone,* warrant as strong a suspicion that the contraband is still in the vehicle 48 hours later? I think not.

In *State v. Ingram,* 251 Or 324, 327, 445 P2d 503 (1968), the Oregon Supreme Court stated:

"* * * Whether the lapse of time is deemed to have been so long that it reasonably cannot be inferred that contraband is present at the premises *will depend upon all the circumstances * * *.*" (Emphasis supplied.)

The court then cited with approval *People v. Siemieniec,* 368 Mich 405, 118 NW2d 430, 100 ALR2d 522 (1962), where there was related in the affidavit *only one sale,* as at bar, four days before the application for the search warrant, and it was held that did not justify the issuance of the warrant. Quoted therefrom is the statement that the "warrant may issue only upon a showing that reasonable cause exists to believe illegal activity is occurring *at the time* the warrant is sought * * *." (Emphasis supplied.) 368 Mich at 407.

The trial judge at bar said:

"If there had been anything * * * that said he had a package of heroin which he had divided in half, or if he sold me heroin and put it back, or a green bag out of which I saw a syringe, or something like that, but there is nothing beyond the fact that one sale occurred, and while it does have a probative value, I don't think it has enough probative value to warrant a search of the house * * *."

I agree with him, and respectfully dissent.