Argued and submitted June 23, affirmed September 22, 1980

## STATE OF OREGON,
*Appellant,*

*v.*

## ROY WILLIAMS,
*Respondent.*

### (No. 25760, CA 16573)

616 P2d 1178

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for appellant. On the brief were James M. Brown, Attorney General, Walter L. Barrie, Solicitor General, and Jan P. Londahl, Assistant Attorney General, Salem.

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for respondent. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Defendant was indicted for possession of a controlled substance. ORS 475.992(4). The state appeals from an order granting defendant's motion to suppress evidence obtained in a warrantless search of defendant's cassette tape case located in a vehicle owned by another person who consented to a search of the vehicle. In his motion defendant made three assertions: 1) the search was the product of an illegal stop; 2) the search which followed the stop was invalid as a warrantless search without probable cause; and 3) the search was constitutionally defective as a consent search.

The trial court found that defendant had standing to object to the search and that there was a valid stop, but

> "[u]nder these facts and despite the good faith but mistaken belief by the officer that he had consent to search the tape case, on balance, the defendant's reasonable expectation of privacy outweighs the right of the officer to search a *closed container* within the vehicle pursuant to the scope of consent given by the driver." (Emphasis in original.)

The Redmond police were requested by the Lincoln City police to contact two individuals in a tan van who allegedly had drawn a gun and threatened a person in Lincoln City. A Redmond police officer observed a tan van in a supermarket parking lot with two of the occupants, the defendant and the driver of the van, fitting the descriptions he had been given by the Lincoln City police. The officer turned on his flashing red lights and approached the vehicle.

Defendant was sitting in the front passenger seat; the driver/owner was standing outside the van. The officer spoke initially with the owner. The four other passengers, including defendant, remained inside the van. The officer discussed the information he had received from Lincoln City and asked the driver whether he had a gun. The driver told him that they had been in Lincoln City and had been involved in some altercations and that defendant had the gun, but

that it was not in the van. The officer asked if he could search the van, and the owner responded, "Yeah, go ahead. There isn't nothing in there."

When the owner gave permission to search the van, defendant and the other passengers were still inside. Defendant was not aware that the owner had consented to a search. When the search began, defendant got out of the van and stood near the passenger front door. The front passenger side of the van was searched first. The officer then opened the side doors of the van and searched the back area where he observed a closed and latched stereo cassette tape case about 13 and 1/2 inches long, 10 inches wide and 6 inches deep on the floor of the right side of the van. It was behind the passenger seat where defendant had been sitting, near a pair of boots and a shirt. It was later learned that defendant owned all of those articles. The officer opened the tape case and found six baggies of what he believed to be marijuana. Defendant did not see the officer search the case, and no objection to the search of the van or the tape case was made by defendant or anyone else.

The state maintains that the search of the tape case was justified by the consent of the owner of the van to search the van. We disagree and affirm the order of suppression.

■ A search and seizure conducted pursuant to voluntary consent remains one of the "few specifically established and well-delineated exceptions" to the fundamental rule that a search conducted without a warrant is "*per se* unreasonable." *Katz v. United States,* 389 US 347, 357, 88 S Ct 507, 514, 19 L Ed 2d 576 (1967). A consent to search which is effective to validate a warrantless search may be given by a person other than the subject of the search *(Frazier v. Cupp,* 394 US 731, 89 S Ct 1420, 22 L Ed 2d 684 (1969); *Schneckloth v. Bustamonte,* 412 US 218, 93 S Ct 2041, 36 L Ed 2d 854 (1973)), but a third party consent is valid only where that person had authority to give it. *Stoner v. California,* 376 US 483, 84 S Ct 889, 11 L Ed

2d 856 (1964); *United States v. Matlock,* 415 US 164, 94 S Ct 988, 39 L Ed 2d 242 (1974).

■ It is well established that a consent to search is valid if made by one who has

"*** common authority over, general access to, or mutual use of the place or object sought to be inspected under circumstances that make it reasonable to believe that the third person has the right to permit the inspection in his own right and that the absent target has assumed the risk that the third person may grant this permission to others." *United States v. Block,* 590 F2d 535, 539-540 (4th Cir 1978).

In *United States v. Matlock, supra,* the court noted that when the state seeks to justify a warrantless search by proof of voluntary consent, it "may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." 415 US at 171. "Common authority" is established when it is reasonable to recognize that a co-owner, co-inhabitant, or co-user had the right to permit the inspection and that the individual affected has concurrently either assumed the risk that the other may consent to a search or given up his reasonable expectation of privacy. *See State v. Frame,* 45 Or App 723, 609 P2d 830 (1980), *rev den; State v. Middaugh,* 12 Or App 589, 507 P2d 42, *rev den* (1973).

■■ The trial court found that it was not proved that the cassette tape case was in common use by the occupants of the van or was other than in the exclusive use and control of the defendant. There was substantial evidence to support that finding. The record shows that the driver, the owner of the van, was not aware at the time he gave his consent to search the vehicle that defendant had placed possessions in the van. He did not know that the tape case was there until the officer pulled it out. He did not exercise joint control over the case, nor did he have access to it or authority to open it. In *United States v. Block, supra* at 539-540, the court stated:

"[T]hird person consent, no matter how voluntarily and unambiguously given, cannot validate a warrantless search when the circumstances provide no basis for a reasonable belief that shared or exclusive authority to permit inspection exists in the third person from any source; nor even more certainly, when the circumstances manifest to the contrary that the absent target of the search retains an expectation of privacy in the place or object notwithstanding some appearance or claim of authority by the third person; nor, still more certainly, when the retained expectation of privacy is manifest in the circumstances and the third person actually disclaims any right of access."

We agree.

Defendant manifested a subjective expectation of privacy in the tape case and its contents which entitled him to the protections guaranteed by the Fourth Amendment. Prior to getting into the front passenger seat he had placed the tape case, a pair of boots and his shirt directly behind the passenger seat where he was to sit. The tape case was closed by a flip-up latch. There was no suggestion that the driver or anyone else was given any right of general access to or mutual use of the tape case, nor did the driver claim any right of access or interest in the property searched.

We conclude that the driver, the consenting party, had no "common authority" over the cassette case. His consent therefore was not effective to validate the warrantless search of defendant's property.

Affirmed.