Argued and submitted February 11, affirmed in part,
reversed in part and remanded for trial June 15, 1981

# STATE OF OREGON,
*Appellant,*

*v.*

# SPENCER WARD ALPERT,
*Respondent.*

## (No. 10-80-03817, CA 19032)

629 P2d 878

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Robert J. McCrea, Eugene, argued the cause for respondent. With him on the brief was Morrow, McCrea & Divita, P.C., Eugene.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

THORNTON, J., dissenting opinion.

## VAN HOOMISSEN, J.

The state appeals[1] a pre-trial order allowing defendant's motion to suppress property seized from defendant's car following a stop for a traffic infraction. The issue is whether the police had probable cause to seize a small closed cosmetic case (compact) and a folded bank envelope they observed in plain view on the floorboard of the defendant's car. The defendant moved to suppress "any and all evidence derived from a search or a seizure regarding the defendant's vehicle, property and the defendant's person * * *."[2] The trial court's order allowed the defendant's motion in its entirety. We find the seizure of an open container of vodka was permissible, but that the seizure of a compact and bank envelope containing a controlled substance (cocaine) was not.

The essential facts are not disputed. Defendant was initially stopped for driving a defectively equipped vehicle, a Class B traffic infraction. ORS 483.404. Two police officers, observing defendant's car traveling with one headlight out, gave chase. After traveling a short distance, the officers saw defendant look into his rearview mirror, turn partially and gesture with his hand to acknowledge the officers' presence. Defendant leaned over toward his right at least once, and perhaps two or three times in rapid succession, moving his head toward the center of the car. The officers could see only defendant's head and shoulders. When defendant finally came to a stop, the police car parked behind with its overhead beacon and emergency flashers activated. It is not contended defendant attempted to elude the police.

---

[1] ORS 138.060 provides, in part:

"The state may take an appeal * * * from:

"* * * * *

"(3) An order made prior to trial suppressing evidence;

"* * * * *"

[2] The state did not question the defendant's standing to challenge the search and seizure. *See United States v. Salvucci,* 448 US 83, 100 S Ct 2547, 65 L Ed 2d 619 (1980); *Rawlings v. Kentucky,* 448 US 98, 100 S Ct 2556, 65 L Ed 2d 633 (1980); *United States v. Payner,* 447 US 727, 100 S Ct 2439, 65 L Ed 2d 468 (1980); *Rakas v. Illinois,* 439 US 128, 99 S Ct 421, 58 L Ed 2d 387 (1978).

The officers got out of their car and approached defendant's car, Officer Minster on the driver's side and Officer Rainey on the passenger side. Because of defendant's motions during the pursuit, the officers were concerned he might have a weapon. As the officers approached, defendant was rummaging in the glove box. The officers saw a vodka bottle which appeared about half full in the open glove box. Officer Minster asked for identification and informed defendant that one of the car's headlights was out. Defendant got out of his car, closed the door and identified himself, handing Officer Minster a car registration in a different name, explaining that he had recently purchased the car. Officer Rainey patted defendant down for weapons, receiving no resistance. He found no weapons, and did not detect the odor of alcohol on defendant. Rainey instructed defendant to move to the rear of the car, telling him that he intended to search the car for weapons and other open containers of alcohol. Until this time defendant had been smiling and polite. Upon being told of Rainey's intent to search, however, defendant became agitated and belligerent. He identified himself as an attorney and demanded to know the officer's authority to search.[3] He positioned himself between Rainey and his car. Rainey repeatedly ordered defendant to the rear of the car, then grasped his arm and told him he would be subject to arrest if he refused to comply. Defendant then complied with Officer Rainey's direction, moving to the rear of the car with Officer Minster. From the time the defendant moved to stand behind his car with Officer Minster, he did not interfere with Rainey's search. Until Officer Rainey found the cocaine, he did not intend to arrest the defendant, because the policy of the Police Department was to cite and release violators of the open container law, a Class B traffic infraction. ORS 487.841.

Officer Rainey got into defendant's car from the driver's side and seized the vodka bottle he had previously seen in the open glove box. He removed the cap, smelled the contents and confirmed the bottle contained vodka. During

---

[3] The state does not rely upon the defendant's questioning of Officer Rainey's authority to search to establish probable cause. *See State v. Gressel,* 276 Or 333, 338, 554 P2d 1014 (1976).

the suppression hearing defendant conceded that the stopping of his car and the seizure of the vodka bottle were constitutionally unobjectionable. Rainey then performed a search of the area around the driver's seat of defendant's car. He observed no other open containers or any weapons.

Officer Rainey then noticed a closed compact and a folded bank envelope in plain view on the floorboard near the edge of the driver's seat. There was nothing on the outside of the compact or bank envelope to suggest they contained contraband. Rainey seized the compact and opened it. Inside, he found a white crystalline powder that appeared to be a controlled substance and a razor blade. Rainey next seized and opened the folded bank envelope and found a similar powder inside. Both powders were later identified as cocaine. Defendant was indicted for Possession of a Controlled Substance. ORS 475.992. His motion to suppress all evidence derived from the search of his car was allowed, and the state appeals.

■ The state argues: (1) the officers saw an open container of vodka in the glove box while still outside defendant's car, and Officer Rainey's initial entry into the car to seize the vodka was, therefore, proper; (2) having seen defendant make multiple furtive movements during the pursuit of his car, and having already found one open container of alcohol in the car, Officer Rainey had probable cause to make a search of the area within arm's reach of the driver's seat for other open containers and for weapons; (3) Officer Rainey was at a lawful vantage point when he saw the compact and the bank envelope in plain view on the floorboard of the car; (4) as a result of Officer Rainey's training and experience in controlled substances and associated paraphernalia,[4] the distinctive appearance of the

---

[4] While an officer's training and experience may enable him to recognize implements of crime that might be of insignificance to a lay person, *State v. Elkins,* 245 Or 279, 290-91, 422 P2d 250 (1966), even a plain view seizure must be based upon probable cause. *State v. Chipley,* 29 Or App 691, 695, 564 P2d 1096, *rev den* 279 Or 301 (1977).

The evidence concerning Officer Rainey's experience with "compacts" was not impressive. He testified:

"Q. In your career as a police officer, and in your investigations of controlled substances, have you ever had occasion to see compacts?

"A. Yes, I have.

items seized and the location of the items in defendant's car, Officer Rainey had probable cause to believe that those items contained a controlled substance; (5) exigent circumstances justified seizure of the compact and bank envelope; and (6) the items seized were not repositories of personal effects coming within the protection of the "closed container" rule, so the warrantless search of those containers was lawful.

The defendant does not here challenge the validity of the traffic stop or Officer Rainey's initial entry into his car to seize the open container. It is the legality of the continuing search and the seizure and opening of the closed compact and the folded bank envelope which he contests. Defendant argues a warrantless search and seizure are *per se* unreasonable, and the state was required to justify the warrantless search and seizure by a preponderance of the evidence. Therefore, the defendant argues, the state had to prove: (1) that after the vodka bottle was seized, Officer

---

"Q. And can you generally describe the investigations that resulted in your observing compacts?

"A. There were two cases in particular, both occurring within the last three years. Once case involved an initial search and subsequent search warrant involving some marijuana. And in context with that initial search and later search warrant, various types of paraphernalia were recovered, including syringes, compact, powder, razor blades, things like that.

"Q. Was there in fact a controlled substance found as a result of that particular investigation?

"A. Other than marijuana, no, there was not.

"Q. And was there another then *[sic]* investigation involving a compact?

"A. Yes, there was. This involved an incident where I was investigating a forgery, and had arrested a female. And subsequent to that arrest, her purse was searched, and inside that purse a compact was found, and inside the compact there was a razor blade and a straw. There was also a white residue on the mirror.

"Q. And do you know what the white residue was?

"A. It was never seized and tested because it was such a small amount. It would serve no purpose for us to have done so.

"* * * * *

"Q. The point is that you, throughout your entire experience, have never found a controlled substance in a compact that you can say was a controlled substance, isn't that true?

"* * * * *

"A. Inside a compact, I've never been involved in a case where any contents of that case had been identified as a controlled substance."

Rainey had probable cause to continue searching; (2) that after the vodka bottle was seized, there were exigent circumstances justifying a further warrantless search; (3) that probable cause existed to believe that an ordinary compact and a common bank envelope were instrumentalities or evidence of a crime; and (4) that if the seizure of the compact and bank envelope was valid, exigent circumstances required the warrantless examination of their contents. Defendant contends that the trial court necessarily found against the state on one or more of the above contentions and that this historical finding of fact by the trial court is binding upon us as we review the constitutional questions presented by this case. *State v. Quinn,* 290 Or 383, 390, 623 P2d 630 (1981); *State v. Carter/Dawson,* 287 Or 479, 487, 600 P2d 873 (1979); *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). Regrettably, the trial court failed to make specific findings of fact, so we are left to speculate on the basis for the trial court's order.

■    We find the police were acting lawfully when they stopped defendant's car and seized the open container of vodka which they observed in plain view in defendant's glove box. ORS.133.310(1); *State v. Quinn, supra,* 290 Or at 391; *State v. Greene,* 285 Or 337, 591 P2d 1362 (1979).

The next question is concerned with the intrusiveness of subsequent police behavior. The state contends that after seizing the vodka bottle Officer Rainey was justified in continuing his search for other open containers and weapons. Assuming, without deciding, that Officer Rainey was justified in conducting a search of the defendant's car after he had seized the vodka bottle and that he was therefore lawfully in a position to observe the closed compact and folded bank envelope in plain view on the floorboard, the question, then, is, did Officer Rainey have probable cause to seize those items? In *State v. Crockett,* 34 Or App 1019, 1023, 580 P2d 214 (1978), we said:

"* * *Probable cause means 'a well-warranted suspicion.' *State v. Willis,* 24 Or App 409, 412, 545 P2d 1392, *rev den* (1976). It requires 'substantially less than proof beyond a reasonable doubt, but something more than a mere possibility.' *State v. Feehely,* 27 Or App 343, 347, 556 P2d 142 (1976), *rev den* [277 Or 1] (1977).* * *"

■      Defendant was stopped for a Class B traffic infraction. Subsequent investigation indicated he was guilty of another Class B traffic infraction. Defendant was not under arrest, and the police had no intention of arresting him prior to the questioned seizure. No odor of alcohol was detected. No contraband was observed. No weapons were found. As far as the record discloses, the defendant was previously unknown to the police, and they had no probable cause to believe defendant had committed or was committing any violation of the law other than two traffic infractions. We conclude the evidence is insufficient to establish probable cause to seize the defendant's compact and bank envelope. There simply was no justification for a warrantless seizure of an otherwise innocuous compact and bank envelope under the facts of this case.

The cases cited by the dissent are factually distinguishable and none is directly concerned with the reasonableness of a seizure as distinguished from the reasonableness of a search.[5]

In summary, we find that the seizure of the open container of vodka was permissible, but that the seizure of the compact and bank envelope was not.[6]

Affirmed in part, reversed in part and remanded for trial.

---

[5] In *State v. Head,* 13 Or App 317, 509 P2d 52, *rev den* (1973), the defendant consented to the inspection of a hat which concealed marijuana and voluntarily threw a cigarette package containing a balloon of heroin out of his car. *State v. Stacey,* 17 Or App 662, 523 P2d 612, *rev den* (1974), and *State v. Krohn,* 15 Or App 63, 514 P2d 1359 (1973), *rev den* (1974), held that an officer who sees marijuana in a vehicle may search for more marijuana. *State v. Emfinger,* 6 Or App 328, 487 P2d 1393 (1971), was a search incidental to lawful arrest. *State v. Greene,* 285 Or 337, 591 P2d 1362 (1979), involved armed robbery and first-degree burglary. The search of a vehicle was upheld based upon strong evidence the vehicle was used during the crimes and that exigent circumstances justified a warrantless search. *Chambers v. Maroney,* 399 US 42, 90 S Ct 1975, 26 L Ed 2d 419 (1970), also an armed robbery case, approved a warrantless search of a vehicle where the police had a description of the robber's car and of the clothing of two of the four men seen in the car and within a hour of the crime stopped a car which met the description and which was carrying four men and the described clothing. All four were under arrest.

[6] Since we hold that the seizure of the compact and bank envelope were impermissible, we need not consider whether opening those articles were permissible had their seizure been lawful. The current state of the law on search of closed containers after *Arkansas v. Sanders,* 442 US 753, 99 S Ct 2586, 61 L Ed 2d 235 (1979) is discussed in *Robbins v. California,* 103 Cal App 3d 34, 162 Cal Rptr 780, *cert granted,* 449 US 1109 (1980), and *United States v. Ross,* 655 F2d 1159 (DC Cir 1981).

**THORNTON, J.,** dissenting.

I dissent. The majority opinion totally ignores the fact that after the officers turned on the overhead flashing lights on their patrol car, the action of the driver in making repeated movements and appearing to be engaged in placing or moving some objects within the front seat area was a strong indication that defendant was attempting to hide some object, such as contraband or a weapon, from the approaching police officers.[1] Having seen defendant make multiple furtive movements during the pursuit, and having discovered the open container of vodka in the glove compartment, the officers had probable cause to make a limited search of the front seat area for other open containers and for possible contraband. *See State v. Head,* 13 Or App 317, 509 P2d 52 (1973), where we held that under the totality of the circumstances the officer had probable cause to search the automobile following defendant's attempt to conceal a hat visible in front seat containing marijuana. *See also State v. Stacey,* 17 Or App 662, 523 P2d 612, *rev den* (1974); *State v. Krohn,* 15 Or App 63, 514 P2d 1359 (1973), *rev den* (1974); *State v. Emfinger,* 6 Or App 328, 487 P2d 1393 (1971); *Chambers v. Maroney,* 399 US 42, 90 S Ct 1975, 26 L Ed 2d 419 (1970); *State v. Greene,* 285 Or 337, 591 P2d 1362 (1979). Officer Rainey, while making this search, saw the compact and the folded bank envelope in plain view on the floorboard of defendant's automobile.

Officer Rainey, having seen the furtive gestures and having had previous training and experience in recognizing narcotics and narcotics paraphernalia, was on the alert for any suspicious items in the automobile and was justified in checking the compact and envelope. These were not repositories of personal effects coming within the protection of the closed container rule. *Cf. State v. Downes,* 285 Or 369, 591 P2d 1352 (1979); *State v. Groda,* 285 Or 321, 591 P2d 1354 (1979). The officer's inspection of the contents of the two containers was lawful. After having found

---

[1] This movement has been termed in police parlance as the "forward lean." Some courts have held this to be a "furtive gesture" or conduct which reasonably led the officer to believe that the suspect was trying to hide evidence under the seat or on the floor and afforded, in combination with other facts, a reasonable basis for stopping and searching the car. *See* cases collected in Annotation, Search and Seizure—Furtive Gesture, 45 ALR3d 581 (1972) and 1980 supplement.

cocaine in the compact, the officer had probable cause to believe he might also find a controlled substance in the bank envelope, which lay next to the compact on the floor of the auto.

For the foregoing reasons, I respectfully dissent.