Argued and submitted March 30, reversed and
remanded for trial August 10, 1981

# STATE OF OREGON,
*Respondent,*

*v.*

# MARK S. TURCHIK,
*Appellant.*

## (No. 80-61C, CA 18737)

632 P2d 497

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

Thornton, J., dissenting opinion.

## VAN HOOMISSEN, J.

Defendant appeals his jury conviction for possession of a controlled substance. ORS 475.992. The issue on appeal is whether the police had probable cause to conduct a warrantless search of defendant's vehicle, and, if so, whether exigent circumstances justified the warrantless search of a closed shoebox found inside the vehicle.

As Officers Stroup and Hawkins were patrolling Highway 97 in Klamath County, they observed a 1976 Volkswagon Rabbit cross the center line twice, the second time in the path of an oncoming truck and trailer. They stopped the vehicle and asked the defendant, the driver of the vehicle, for his driver's license. After observing defendant having difficulty producing his license, and because Stroup smelled an odor of alcohol on defendant's breath, the officers decided to conduct field sobriety tests.

■ While Officer Hawkins administered the tests, Stroup went to the passenger side of the vehicle, where he observed an open can of beer, later found to be about half-full, between the feet of a passenger. He asked the two passengers to get out of the car. When they did, Stroup observed a plastic baggie containing green vegetable matter in plain view between the passenger door and the front seat. Based upon his training and experience, Stroup believed the baggie contained marijuana. Stroup questioned defendant and his passengers about who owned the marijuana. He received conflicting stories, the passengers maintaining the marijuana was theirs and the defendant stating that the marijuana belonged to all three of them.[1] Stroup cited the two passengers for possession of less than an ounce of marijuana. ORS 475.992(4)(f).

Officer Stroup then searched the right front floor of the vehicle, where he found and opened a styrofoam cooler which contained open and unopened cans of beer. His search of the front passenger area of the vehicle revealed cigarette paper and a smaller bag of vegetable matter on the dashboard. Stroup continued searching the vehicle,

---

[1] Based upon the evidence, the officers had probable cause at this time to arrest the defendant for unlawful possession of marijuana. ORS 475.992(4)(f); ORS 161.565; ORS 161.505; ORS 133.310.

which contained clothing and personal property of the defendant being transported to the Klamath Falls area where the defendant was moving. In the rear compartment of the vehicle Stroup found a closed shoebox. There was nothing unusual about the shoebox. Officer Stroup candidly admitted that he had no particular suspicion that the shoebox contained marijuana, but that he intended to open everything in the car in the course of his search. Stroup opened the shoebox. Inside he found a plastic bag of what appeared to be marijuana seeds, which he seized. Defendant was then cited for the open container violation, a Class B traffic infraction, ORS 487.841, and released. Subsequent analysis confirmed the shoebox contained 6.2 ounces of non-sterilized marijuana seeds. Defendant was indicted for Possession of a Controlled Substance, based upon the evidence discovered by Officer Stroup in the shoebox.

At trial defendant challenged the warrantless search of his car and, more particularly, the warrantless search and seizure of the closed shoebox. Defendant's pretrial motion to suppress was denied.[2]

Defendant contends: (1) the search of the car was not based on probable cause; and (2) there were no exigent circumstances to support the search and seizure of a closed container found inside the vehicle. The state contends: (1)

---

[2] The trial court found:

"Now, the Court finds that the Officer had probable cause to ask the person to step out and to search the front compartment of the car observing the open beer container in plain view from a place where he was entitled to be. After the passenger stepped out he noticed the baggie of marijuana in plain view. His underlying objective at that time was to determine whether or not the driver was under the influence of intoxicants of some sort. It was the other officer who was conducting the field sobriety test at the time that Officer Stroup was making the observations in the car. He had discovered in a lawful manner the baggie of marijuana and the container in the glove compartment which had what appeared to be burnt residue of marijuana. This was all very similar to the *[State v.] DeLong.*, [43 Or App 183, 602 P2d 665 (1979), *rev den* 288 Or 571 (1980)] case. The Court finds that Officer Stroup had a well warranted suspicion at the time that he pursued his search of the vehicle and really the pivotal issue in these motions is whether or not that shoebox was a closed container. No judge likes to be reversed on the same principle but the Court has examined the case of *Arkansas vs. Sanders* [442 US 753, 99 S Ct .2586, 61 L Ed 2d 235 (1979)] which is the principle basis on which the *DeLong,* case would be decided and holds in this case that a warrant to open the shoebox and to search it was not required in this case. The motion to suppress the articles found in the shoebox is denied. * * *"

the warrantless search of the defendant's vehicle was reasonable in that it was based upon probable cause and exigent circumstances; and (2) the shoebox was not a repository of personal effects in which the defendant had a reasonable expectation of privacy, and therefore no warrant was required to open it and search its contents. We find that the search of the vehicle was lawful, but that the search of the shoebox containing marijuana was not. Therefore, we reverse.

Defendant does not challenge the initial stop of his vehicle nor the seizure of the open container of beer. We find that the officer's observations and the statements of the defendant and his passengers gave the officers probable cause to search the vehicle for more marijuana and open containers and that exigent circumstances justified that warrantless search.[3]

The next question is whether the police were justified in conducting a warrantless search of the closed shoebox found in defendant's vehicle. We are not here concerned directly with the so-called "automobile exception" to the warrant requirement of the Fourth Amendment. The warrantless search of the vehicle was permissible based upon probable cause and exigent circumstances. Rather, we are concerned with the reasonableness of the warrantless search of the closed shoebox.[4]

Absent exigent circumstances, the police must obtain a warrant before searching a closed container found in

---

[3] *Chambers v. Maroney*, 399 US 42, 90 S Ct 1975, 26 L Ed 2d 419 (1970); *Carroll v. United States*, 267 US 132, 45 S Ct 280, 69 L Ed 543, 39 ALR 790 (1925); *State v. Greene*, 285 Or 337, 591 P2d 1362 (1979); *State v. Groda*, 285 Or 321, 591 P2d 1354 (1979); *State v. Stacey*, 17 Or App 662, 523 P2d 612, *rev den* (1974); *State v. Krohn*, 15 Or App 63, 514 P2d 1359 (1973), *rev den* (1974).

No amount of probable cause can justify a warrantless search or seizure, absent exigent circumstances. *Coolidge v. New Hampshire*, 403 US 443, 468, 91 S Ct 2022, 29 L Ed 2d 564 (1971). Exigent circumstances exist where police officers reasonably believe an immediate search is necessary to prevent the loss of evidence. *State v. Matsen/Wilson*, 287 Or 581, 601 P2d 784 (1979).

[4] *Walter v. United States*, 447 US 649, 100 S Ct 2395, 65 L Ed 2d 410 (1980); *Arkansas v. Sanders*, 442 US 753, 99 S Ct 2586, 61 L Ed 2d 235 (1979); *State v. Downes*, 285 Or 369, 591 P2d 1352 (1979); *State v. Groda*, 285 Or 321, 591 P2d 1354 (1979); *State v. Keller*, 265 Or 622, 510 P2d 568 (1973); *State v. Williams*, 48 Or App 293, 616 P2d 1178 (1980); *State v. DeLong*, 43 Or App 183, 602 P2d 665 (1979), *rev den* 288 Or 571 (1980).

a vehicle, even if they have probable cause to believe the container contains contraband. *Robbins v. California,* 453 US 420, 101 S Ct 2841, 69 L Ed 2d 744, (1981); *Arkansas v. Sanders,* 442 US 753, 99 S Ct 2586, 61 L Ed 2d 235 (1979); *United States v. Chadwick,* 433 US 1, 97 S Ct 2476, 53 L Ed 2d 538 (1977); *see also State v. Groda,* 285 Or 321, 591 P2d 1354 (1979).[5]

The burden of proving the validity of a warrantless search is on the state. ORS 133.693(4). Here the state does not argue the existence of exigent circumstances to open and search the shoebox. Rather, it attempts to excuse the warrantless search on the grounds that the shoebox was not a repository of personal effects in which the defendant had a reasonable expectation of privacy.[6]

■ We hold that on the evidence in this case the defendant enjoyed a reasonable expectation of privacy in his closed shoebox. We see no rational basis for distinguishing this case from *Robbins v. California, supra* (packages wrapped in opaque plastic), *Arkansas v. Sanders, supra* and *United States v. Chadwick, supra* (luggage); *State v. Downes,* 285 Or 369, 591 P2d 1352 (1979) (closed cosmetic kit found within a closed trunk); *State v. Groda, supra* (closed briefcase found in trunk); *State v. Keller,* 265 Or 622, 510 P2d 568 (1973) (fishing tackle box); *State v. Williams,* 48 Or App 293, 616 P2d 1178 (1980) (cassette tape case); or *State v. DeLong,* 43 Or App 183, 602 P2d 665 (1979), *rev den* 288 Or 571 (1980) (camera case). The trial court erred when it denied defendant's motion to suppress.

Reversed and remanded for trial.

---

[5] Certain exceptions to this general rule are not involved in this case *(e.g.,* contents can be inferred from the outward appearance of container, plain view, opening incident to a lawful custodial arrest, consent).

[6] Justice Harlan, concurring in *Katz v. United States,* 389 US 347, 361, 88 S Ct 507, 19 L Ed 2d 576 (1967):

"* * * [T]here is a twofold requirement, first that a person have exhibited an actual [subjective] expectation of privacy and, second, that the expectation be one that society is prepared to recognize as 'reasonable.' * * *" 389 US at 361.

**THORNTON, J.,** dissenting.

The circumstances here warranted the officer in believing there would be more marijuana in some of the places in the automobile where he searched. The search was "reasonably related to the offense which prompted the arrest." *State v. O'Neal,* 251 Or 163, 166, 444 P2d 951 (1968). The result reached in the majority opinion is unsound and does not square with prior decisions. In *Chambers v. Maroney,* 399 US 42, 90 S Ct 1975, 26 L Ed 2d 419 (1970), the United States Supreme Court declared:

"* * * 'The right to search and the validity of the seizure are * * * dependent on the *reasonable cause* the seizing officer has *for belief that the contents of the automobile offend against the law'* * * *. (Emphasis supplied.) 399 US at 49.

"* * * [T]he circumstances that furnish probable cause to search a particular auto for particular articles are most often unforeseeable; moreover, the opportunity to search is fleeting since a car is readily movable. Where this is true * * * if an effective search is to be made at any time, either the search must be made immediately without a warrant or the car itself must be seized and held without a warrant for whatever period is necessary to obtain a warrant for the search.

"* * * * *

"Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the 'lesser' intrusion is permissible until the magistrate authorizes the 'greater.' But which is the 'greater' and which the 'lesser' intrusion is itself a debatable question and the answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding the car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. *Given probable cause to search, either course is reasonable under the Fourth Amendment."*(Emphasis supplied.) 399 US at 50, 51-52.

In *State v. Emfinger,* 6 Or App 328, 487 P2d 1393 (1971), a police officer observed the defendant, a juvenile, drinking beer, motioned for him to pull over, checked his identification and verified that defendant was a minor, and observed a six-pack of beer in the automobile which he took

into his possession. The officer then ordered defendant to drive to the State Police Office, where he made a further search during which he discovered marijuana. We held that the search was reasonably related to the offense which prompted the arrest and that the marijuana seized in the course of such search was legally obtained evidence.

Similarly, in *State v. Head,* 13 Or App 317, 509 P2d 52, *rev den* (1973), we held that under the totality of the circumstances presented, the officer had probable cause to search the automobile following defendant's attempt to conceal a hat visible in the front seat containing marijuana.

In *State v. Krohn,* 15 Or App 63, 514 P2d 1359 (1973), *rev den* (1974) the officer observed a passenger in the automobile smoking a marijuana cigarette. We held that this gave the officer probable cause to believe that a search of the automobile would turn up additional contraband and that he was not required to obtain a warrant before making that search.

Again, in *State v. Stacey,* 17 Or App 662, 523 P2d 612, *rev den* (1974), the officer received a late night radio call about a possible theft from a vehicle. When he reached the area he was informed by witnesses that they had seen a person carrying something across the parking lot of an automobile dealer. One witness indicated that a van parked on the lot had not been there a few minutes before. The officer looked in the van and saw in plain view a cellophane bag he believed contained marijuana. We held that this gave the officer probable cause to search the vehicle for more narcotics, without a warrant, and that a stolen revolver discovered during the search was admissible.

The case at bar is distinguishable from *Arkansas v. Sanders,* 442 US 753, 99 S Ct 2586, 61 L Ed 2d 235 (1979); *United States v. Chadwick,* 433 US 1, 12, 97 S Ct 2476, 53 L Ed 2d 538 (1977); and *State v. Groda,* 285 Or 321, 591 P2d 1354 (1979), in several important respects. First, here, unlike in *Sanders,* a quantity of marijuana had been discovered and identified by the officer *inside the car.* Next, in *Sanders,* the container had been removed from the vehicle and taken under the officer's control and was no longer

mobile or subject to destruction. Here, the shoe box was still in the vehicle at the time and could have been quickly transported away from the scene. This case is squarely within the automobile exception announced in *Chambers v. Maroney, supra.* As the court said in *Chambers,* if there is probable cause to search an automobile it is reasonable under the Fourth Amendment either (1) to seize and hold the automobile before presenting the probable cause issue to the magistrate or (2) to carry out an immediate search without a warrant.

Based on the foregoing authorities I submit that under the exigent circumstances then and there existing, *Chambers v. Maroney, supra,* the search in the instant case was fully authorized and that the shoe box, was not a repository of personal effects coming within the protection of the closed container rule.

For the above reasons, I respectfully dissent.