Argued and submitted March 13, affirmed July 23, 1997

STATE OF OREGON,
*Appellant,*

*v.*

RUTH LISA MAYNARD,
*Respondent.*

(C 95-11-38719; CA A92752)

942 P2d 851

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

David E. Groom, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

The state appeals the trial court's grant of defendant's motion to suppress evidence of methamphetamine that an officer found inside an opaque matchbox that he took from defendant. The state argues that the officer properly opened the matchbox as part of an authorized inventory process. We affirm.

While on patrol, Officer Kruger received a report of a person attempting to break into a parked car. When he arrived at the scene he found defendant attempting to open the door of a parked 1976 Chrysler with a bent coat hanger. In response to Kruger's questions, defendant stated that it was not her car and that she did not have permission to enter it. Kruger therefore detained defendant for investigation of several possible crimes. Before placing her in the back seat of his patrol car, he conducted an inventory of her possessions in accordance with a Portland city ordinance. In the course of the inventory, he found a small wooden match box of the "strike anywhere" variety. He opened the box and discovered the methamphetamine that the trial court suppressed.

■ The state relies solely on a Portland ordinance authorizing police inventories to support Kruger's actions. The relevant portion of the ordinance provides:

"A closed container in the possession of [a seized person] will have its contents inventoried only when:

"(a)  the closed container is to be placed in the immediate possession of such person at the time that person is placed in the secure portion of a custodial facility, police vehicle or secure police holding room;

"(b)  such person requests that the closed container be with them [*sic*] in the secure portion of a police vehicle or a secure police holding room; or

"(c)  the closed container is designed for carrying money and/or valuables on or about the person including, but not limited to, closed purses, closed coin purses, closed wallets and closed fanny packs." Portland City Code § 14.10.040(C)(3).

The state asserts that Kruger acted in accordance with paragraph (a) of this subsection. It contends that, under the ordinance, the officer is *not* to seize items *unless* they are valuables or prohibited items such as weapons or flammables. Thus, it argues, Kruger had to determine whether the matchbox was something that he should return to defendant before putting her in the police car or whether he had to retain it and give her an appropriate receipt. He could not make that determination unless he knew what was in the matchbox; he therefore had to open it in order to examine its contents. The state argues:

> "[I]f a closed container is of the sort that will go with the person into the patrol car, [the ordinance] authorizes—indeed, requires—the officer to open the container and determine its contents before placing it and the person into the patrol car. * * * *After* opening it, the officer must make a decision: either give it back to the subject, or—if the officer determines that it contains money, valuables, or a prohibited item—seize it and issue the appropriate receipt." (Emphasis in original.)

There are two difficulties with the state's argument. First, the evidence is clear that Kruger would not have returned the matchbox to defendant in any case. By its very nature it was not something that he would allow defendant to have while she was in a police car. If the box contained its normal contents, it would not be safe for her to have them while she was in custody. Kruger, thus, did not need to open the box in order to decide whether to return it. As the trial court stated, Kruger was "not going to leave matches, by his own testimony, in the immediate possession of the person." Because the box was *not* "to be placed in the immediate possession" of defendant, Portland City Ordinance § 14.10.040(C)(3)(a) did not authorize Kruger to open it.

■ The second problem with the state's argument is that it ignores the Supreme Court's prohibition in *State v. Atkinson*, 298 Or 1, 688 P2d 832 (1984), and *State v. Perry*, 298 Or 21, 688 P2d 827 (1984), on opening closed containers as part of an inventory. We discussed those opinions in *State v. Ridderbush*, 71 Or App 418, 692 P2d 667 (1984), and concluded from them that the "Oregon constitutional limitation on inventories by the police of property which has come into

their possession lawfully but not incident to an arrest or pursuant to a warrant" is as follows:

"[P]roperty is to be listed by its outward appearance; *no closed, opaque container may be opened* to determine what, if anything, is inside it so that the contents may be inventoried in turn." 71 Or App at 426 (emphasis supplied).

*See also State v. Keller,* 265 Or 622, 626, 510 P2d 568 (1973) (police should have inventoried a closed tackle box as "one fishing tackle box" without opening it to determine its contents); *State v. Lane,* 135 Or App 233, 239, 898 P2d 1358 (1995) (following *Ridderbush*).

In this context, opening a container to determine its contents is not part of an inventory but is a search: it is an attempt to learn whether the container holds contraband or a threat to the officer's security. As *Ridderbush* holds, the Oregon Constitution does not permit such a search unless the officer has a warrant or there is an exception to the warrant requirement. Neither exists here. The trial court correctly suppressed evidence of the methamphetamine that Kruger found when he opened the matchbox.

Affirmed.