Argued and submitted September 23, affirmed October 21, 1998

STATE OF OREGON,
*Appellant,*

*v.*

MICHAEL LEE MYERS,
*Respondent.*

(C 9607-35611; CA A97284)

967 P2d 887

Douglas F. Zier, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Walter Ledesma, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

The state appeals the trial court's grant of defendant's motion to suppress evidence of rock cocaine that an officer found inside a brown paper wrapping inside a plastic bag in defendant's pocket. The state argues that the officer acted pursuant to a lawfully adopted Portland police inventory policy, which requires officers who are taking a person into custody to inventory all items in the person's possession and to open any closed containers that might be returned to the person before he or she is placed in a secure portion of a custodial facility, police vehicle or secure police holding room. Portland City Code 14.10.040(C)(3)(a).

Portland Police Officers Braskett and Nilsen stopped defendant because they suspected that he was intoxicated. After talking to him, the officers decided to place him in a civil detoxification hold pursuant to ORS 430.399.[1] In accordance with a department general order that, in turn, was based on the city's inventory ordinance, Braskett proceeded to inventory the contents of defendant's pockets. In a pocket of defendant's trousers, Braskett found a small plastic bag containing a small packet wrapped in brown paper. Braskett opened the packet and found rock cocaine. At the suppression hearing, Braskett testified that the general order required him to open any closed container that he might give back to the person being placed in custody. He further testified that, in order to decide whether to give a container back, he would first have to know its contents.

In *State v. Maynard,* 149 Or App 293, 942 P2d 851 (1997), *rev den* 327 Or 448 (1998), we examined the provision of the ordinance on which Braskett relied and determined

---

[1] ORS 430.399(1) provides:

"Any person who is intoxicated or under the influence of controlled substances in a public place may be taken or sent home or to a treatment facility by the police. However, if the person is incapacitated, the health of the person appears to be in immediate danger, or the police have reasonable cause to believe the person is dangerous to self or to any other person, the person shall be taken by the police to an appropriate treatment facility. A person shall be deemed incapacitated when in the opinion of the police officer or director of the treatment facility the person is unable to make a rational decision as to acceptance of assistance."

that it could not lawfully authorize the police to open containers of the type at issue here to determine their contents, stating:

> "In this context, opening a container to determine its contents is not part of an inventory, but is a search: it is an attempt to learn whether the container holds contraband or a threat to the officer's security. * * * [T]he Oregon Constitution does not permit such a search unless the officer has a warrant or there is an exception to the warrant requirement."

*Id.* at 297. Under the facts of this case, the same reasoning applies. The state does not contend that the search comes within an exception to the warrant requirement.

■      The state also argues that the officer properly opened the brown paper packet under that portion of the ordinance that requires officers to inventory the contents of closed containers "designed for carrying money and/or small valuables." Portland City Code 14.10.040(C)(3)(c).[2] That argument is not well taken. The trial court could have found on the record in this case that, although the packet *could* have contained something valuable, it was not *designed* to carry money or small valuables. Under *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968), we are required to assume that the court made such a finding and, hence, that the state did not establish that the officer could lawfully open the container pursuant to that provision of the inventory ordinance.

Accordingly, we conclude that the trial court correctly suppressed the evidence of rock cocaine that Braskett found when he opened the brown paper packet.

Affirmed.

---

[2] Such a procedure is permissible under our decision in *State v. Mundt/Fincher*, 98 Or App 407, 410, 780 P2d 234, *rev den* 308 Or 660 (1989).