Argued and submitted September 23, 1998, affirmed January 13, 1999

## STATE OF OREGON,
*Appellant,*

*v.*

## RAECO LAQUINDA JONES,
*Respondent.*

(C9704-33216; CA A98981)

972 P2d 1217

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

David Degner, Deputy Public Defender, argued the cause for respondent. With him on the brief was David E. Groom, Public Defender.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

### ARMSTRONG, J.

■ The state appeals the trial court's grant of defendant's motion to suppress evidence of crack cocaine that an officer found inside a folded tissue that he had taken from defendant's pocket. The court also suppressed statements made by defendant after the officer found the cocaine and questioned her about it. The state argues that the officer was acting pursuant to a valid Portland police inventory policy when he opened the folded tissue. In *State v. Maynard*, 149 Or App 293, 942 P2d 851 (1997), *rev den* 327 Or 448 (1998), we concluded that the inventory provision on which the state relies, which allows officers conducting an inventory to open closed containers that the officers might return to the person while the person is in custody, could not constitutionally authorize the police to open the containers to determine their contents. Although the state urges us to overrule *Maynard*, we see no reason to do that.

The state also argues that the officer had probable cause to open the tissue packet because it "announced" its contents or because the officer could tell by "plain feel" that the packet contained rock cocaine. Defendant contends that the state failed to raise that issue properly at the suppression hearing and, therefore, that we should not address it on review. Our review of the hearing record discloses that the state never advanced the argument that the tissue announced its contents or that the officer had probable cause to believe that the tissue contained rock cocaine. At one point during the hearing, *defendant's* counsel stated that he believed that the state *might* try to advance such a theory, stating:

> "Now, there's a potential fall back here that I can see the prosecutor going to. And that's that this officer said, well, I had the tissue * * * I squeezed it and there was something hard in it. Based on my training and experience it's crack cocaine."

Defense counsel then engaged in a colloquy with the court about whether the officer would have been authorized to open the tissue if he had felt something in it that clearly was a ring. Counsel replied:

"Well, then as the officer told the Court from the code, if he thinks it's a valuable he's authorized to seize it. And this certainly announces its contents. It's a ring in a half piece of tissue."

When the state next addressed the court, it did not make any probable cause argument but, instead, continued to argue about the validity of the inventory. When the court challenged the state's inventory argument by asking whether the officer had opened the tissue only because he suspected that it contained drugs, the state replied:

"He opened the tissue because—Well, I'm certain that's one of the reasons, because obviously he thought there was [*sic*] some drugs there. He also opened the tissue because he was required to, by law, to open—to inventory anything that's on her person, whether it be in a tissue paper, whether it be in a metal tin, whether it be in a closed plastic container."

The state then returned to the issue of the inventory.

■　　We conclude that, although *defendant* may have raised the specter of a probable cause argument, the state never asked the court to rule on the issue of probable cause and on whether the tissue had announced its contents in such a manner that the officer could open it without obtaining a warrant. Instead, the state focused its argument solely on the validity of the inventory. Because the state never asked the court to rule on whether the tissue had announced its contents such that the officer had probable cause to open it, nor even *suggested* that the court should so rule, we will not reverse the trial court's suppression of evidence on that ground. *See State v. Herrin*, 323 Or 188, 197-98, 915 P2d 953 (1996) (court will not reverse judgment of trial court on ground raised for the first time on appeal).

The trial court did not err in suppressing the evidence of the crack cocaine. Because defendant's statements were made as a result of the unlawful search, the court properly suppressed them as well.

Affirmed.