Argued and submitted March 31, reversed and remanded for new trial July 2, 2003

STATE OF OREGON,
*Respondent,*

*v.*

KEVIN RAY GILLEY,
*Appellant.*

C0005-34393; A113770

71 P3d 582

David C. Degner, Deputy Public Defender, argued the cause for appellant. With him on the briefs was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Defendant appeals his convictions for possession of a controlled substance and delivery of a controlled substance. ORS 475.992(1) and (4). He argues that the trial court erred in failing to suppress evidence of the contents of a jewelry box that an officer found while conducting an inventory of a car that defendant had been driving. The state concedes that the trial court erred but argues that the error was harmless. We reverse.

Portland Police Officer Torgerson stopped defendant in the early morning for a traffic violation. When defendant was unable to provide a driver's license, Torgerson arrested him. After finding a small amount of marijuana in defendant's possession, Torgerson asked for permission to search the car. Defendant refused, saying that the car belonged to his passenger. The passenger confirmed defendant's assertion but was unable to produce evidence of insurance for the car. Because of the lack of insurance, Torgerson could not release the car to the passenger. He therefore decided to have the car towed, and he conducted an inventory of its contents preliminary to the towing. During the inventory, he found a jewelry box in a duffel bag that defendant identified as his. Defendant stated that the box was also his. Torgerson opened the jewelry box and found a marijuana pipe, a small Tupperware-like container that had a crystal residue on it, and a number of plastic ziplock bags, including one that contained residue. Torgerson also found a canister with similar material on the driver's seat of the car, separate from the jewelry box.

Based in part on his experience and in part on defendant's statements, Torgerson believed that the residue that he found in the jewelry box and the canister from the driver's seat was methamphetamine. He also believed that the size of the container from the jewelry box indicated that the substance was intended for more than personal use. A laboratory test subsequently confirmed that the substance in the container contained methamphetamine. The other items from the box and car were not tested.

After finishing the inventory, Torgerson asked for and received permission from defendant to search the room that defendant occupied at a house in the vicinity.[1] During that conversation, defendant admitted that he self-medicated with methamphetamine. He also stated that there were only residue amounts in the room. Torgerson and another officer searched the room, each searching a different portion of it. In the room, they found cut straws, bottles with bleach or water, balloons, scissors, two pipes, ziplock bags, spoons, and a small scale. Torgerson testified that he also found a ziplock bag with a large amount of white powder in the room. A later laboratory examination determined that the powder contained methamphetamine and weighed 113 grams. The other officer did not remember seeing the bag or Torgerson's mentioning it to him at the time of the search. The evidence that defendant presented at trial raised questions concerning the chain of custody of the bag and whether Torgerson actually found it in defendant's room.

Before trial, defendant moved to suppress evidence of the contents of the jewelry box on the ground that opening it exceeded the permissible scope of an inventory, under both case law and the applicable Portland ordinance. The trial court denied the motion, and the evidence was admitted at trial. Torgerson testified that defendant told him that he possessed only small amounts of methamphetamine for his own use. Defendant's primary defense at trial was that the 113-gram bag found in the room he occupied was not his. The jury found defendant guilty of both possession and delivery of a controlled substance. However, it also found, as part of its verdict on the delivery charge, that the delivery did not constitute delivery of ten or more grams of methamphetamine or a mixture containing a detectable amount of methamphetamine and that defendant was not in possession of eight or more grams of methamphetamine. On the possession charge, it found that he was not in possession of ten or more grams.[2] By those findings, the jury necessarily rejected the state's

---

[1] Defendant does not raise any issues concerning the validity of the consent or the search of the room.

[2] Those amounts were relevant to the level of the offenses under the sentencing guidelines. *See* ORS 475.996(1)(a)(C); (1)(b)(K)(iii); (2)(b)(C).

argument that defendant possessed the bag that contained the 113 grams.

■ Defendant assigns error to the trial court's denial of his motion to suppress the contents of the jewelry box. *See State v. Atkinson*, 298 Or 1, 688 P2d 832 (1984); *State v. Keller*, 265 Or 622, 625-26, 510 P2d 568 (1973). The state concedes that the applicable Portland ordinance did not authorize Torgerson to open the box and that the trial court erred in denying the motion to suppress. We agree. The state also argues, however, that the error was harmless because the remaining evidence was so strong that the error was unlikely to have affected the jury's verdict. It points to the canister that Torgerson found on the car seat, the scale and other paraphernalia that the officers found while searching defendant's room, and the bag containing 113 grams of methamphetamine.

■ Under Article VII (Amended), section 3, of the Oregon Constitution and ORS 138.230 the requirements for affirmance despite error are, first, that there is substantial and convincing evidence of defendant's guilt without the improperly admitted evidence and, second, that the admission of that evidence was very unlikely to have changed the result of the trial. *State v. Hansen*, 304 Or 169, 180, 743 P2d 157 (1987). According to the state, "the jewelry box provided just a small part of the evidence * * * offered at trial[,]" and "the evidence found in defendant's room was the evidence that overwhelming proved his guilt[.]" The problem with the state's harmless error argument is that the jury failed to find that *defendant* possessed the bag containing the 113 grams. Without that evidence, the only confirmed evidence of methamphetamine possession by defendant was the container that came from the jewelry box, which was admitted erroneously. For instance, the prosecutor pointed out, while questioning Torgerson on direct examination, that the contents of the canister from the driver's seat of the car were "not submitted to the crime lab," so "we don't know what that was[.]" When we ignore the container from the jewelry box and the 113-gram bag, what is left for the jury's consideration are the contents of defendant's room and defendant's statements to Torgerson. Thus, the evidence potentially attributable to defendant consists of paraphernalia, unknown substances,

and his previous admission that he possessed a small amount of marijuana—an admission that had no laboratory-confirmed support. Consequently, without the container from the jewelry box, there is no evidence that the jury accepted that shows that what defendant possessed was in fact methamphetamine. Even giving some weight to defendant's statements, we cannot say that the trial court's error in failing to suppress evidence of the contents of the jewelry box was very unlikely to have affected the verdict. The error, therefore, was not harmless.

Reversed and remanded for new trial.