Argued and submitted December 14, 1998, affirmed September 15, 1999

# STATE OF OREGON,
*Respondent,*

*v.*

# TEDDI RAE BINGMAN,
*Appellant.*

(9703-31826; CA A98503)

986 P2d 676

616

Ann B. Witte argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals the trial court's judgment of conviction for delivery and possession of a controlled substance, ORS 475.992. She assigns error to the trial court's denial of her motion to suppress evidence procured during a warrantless search of her vehicle. The issue is whether the warrantless search violated defendant's constitutional rights under Article I, section 9, of the Oregon Constitution. On review for errors of law, we affirm.

■ We will not disturb the trial court's express or implicit findings of fact on a motion to suppress evidence if there is evidence in the record to support the findings. *State v. Burr*, 136 Or App 140, 145, 901 P2d 873, *rev den* 322 Or 360 (1995). We recite the facts as consistent with the trial court's ultimate conclusion. In March 1991, Multnomah County Deputy Sheriff Lange observed defendant pull her vehicle off the road into an abandoned gas station. Lange parked behind defendant's vehicle but did not engage his patrol lights. When he approached the vehicle to inquire if defendant needed assistance, he "immediately could smell a strong odor of marijuana" emanating from the open driver's side window. Lange asked if defendant and her passenger needed assistance. Defendant responded that she was having engine trouble, but hoped that, if she let the car sit for a few minutes, it would restart and she would be able to continue. Defendant testified that during that evening's drive, the car's engine would die about every five miles but would eventually restart.

Lange then asked defendant and her passenger where the marijuana was located. The passenger eventually retrieved a marijuana pipe from his pants and handed it to Lange. Lange again asked where the marijuana was, and the passenger produced a bag from his pants pocket that contained "four little buds of marijuana," totaling less than an ounce. At the hearing, Lange explained that he believed there was more marijuana in the car because he was smelling a stronger odor of marijuana than that small amount would produce. Lange testified that there was no evidence of burned marijuana and that he had no doubt that the odor was that of

fresh marijuana. He explained that, from his experiences searching for marijuana, he believed he would never have been able to detect that small amount of marijuana in the passenger's pocket from outside the car. He likened the strength of the odor to the odor he had once detected coming from a sealed pickup truck bed full of marijuana.

Lange then asked defendant and the passenger to step out of the car. They did so, but defendant refused to give consent to search the car. When backup arrived, Lange began searching the car. While he was searching the passenger compartment, defendant volunteered that the marijuana was located in a green army bag behind the driver's seat. Lange searched the bag and discovered over three ounces of marijuana. Lange and another deputy then searched defendant's purse. In the purse, the officers found methamphetamine, $840 in cash, and weighing and packaging equipment.

The trial court found that the automobile exception to the Article I, section 9, search warrant requirement applied. In particular, it found that the car was mobile and that the discovery of a small amount of marijuana and the pipe, the "intense smell of marijuana," and the officer's experience supported probable cause that more marijuana would be found in the car. Implicitly, the court found that the car was "stopped" by the time Lange searched the car. ORS 131.605(6) ("stop" means "a temporary restraint of a person's liberty by a peace officer lawfully present in any place"). The court found that the search was supported by the officer's probable cause and the automobile exception and, therefore, held the evidence obtained in the search admissible.

██ Under Article I, section 9, warrantless searches are *per se* unreasonable. However, certain exceptions to the warrant requirement exist. The "automobile exception" to the warrant requirement provides that officers may conduct a warrantless search of a vehicle provided "(1) that the automobile is mobile at the time it is stopped by police or other governmental authority, and (2) that probable cause exists for the search of the vehicle." *State v. Brown*, 301 Or 268, 274, 721 P2d 1357 (1986). The exception recognizes the "exigency" created by the mobility of an automobile and the potential evidence therein and provides that "[t]he police ticket to

admission into a stopped mobile vehicle is probable cause. The test is whether a magistrate could issue a constitutionally sound search warrant based on the probable cause articulated by the officers." *Id.* at 276.

On appeal, defendant does not argue that her car was not mobile. *See State v. Warner,* 117 Or App 420, 423, 844 P2d 272 (1992) (a car is "considered to be 'mobile' if it is occupied and operable when the police first encounter it"). She instead contends that the officer lacked probable cause to conduct the search under the "automobile exception." She argues that discovery of less than an ounce of marijuana in the possession of the passenger did not provide probable cause that defendant possessed marijuana in her car. *State v. Tallman,* 76 Or App 715, 721, 712 P2d 116 (1985). She also argues that the mere odor of marijuana was not sufficient to provide probable cause because the officer could not determine whether he was smelling more or less than an ounce of marijuana. Further, defendant argues that opening the closed containers of the army bag and purse exceeded the permissible scope of the search. The state counters that the passenger's admitted possession of less than an ounce of marijuana in the car, combined with the strong odor of marijuana emanating from the car, supported probable cause that more marijuana was located in the car. The state also argues that the officer's probable cause supported the search of the closed containers.

We have explained that, because possession of less than an ounce of marijuana is a "violation," not a criminal "offense," possession of such a small quantity cannot, by itself, support probable cause for an arrest or search. *Id.* at 718, 721. However, "the discovery of less than one ounce is a relevant fact that, when combined with other facts, may create probable cause" that a criminal offense has been committed. *State v. Quigley,* 100 Or App 418, 422, 786 P2d 1274 (1990). That is the case here. The passenger, who was sitting in the car, possessed marijuana. The odor of marijuana, likewise, emanated from the car. The officer testified that, in his experience, the strength of the odor led him to believe a larger amount of marijuana remained in the car. He likened it to a pickup truck full of marijuana. Those circumstances provided a "substantial objective basis" for believing that it

was "more likely than not" that the passenger had committed the criminal offense of possession of more than on ounce of marijuana and that defendant's car contained the evidence of that offense. ORS 131.005(11) (definition of "probable cause"); *see Quigley*, 100 Or App at 422 (bag of less than an ounce of marijuana found in car, additional seeds and stems on car seat, and strong odor of marijuana in car supported probable cause to search the car).

This case is distinguishable from *State v. Herrin*, 323 Or 188, 915 P2d 953 (1996), where the Supreme Court found that possession of drug paraphernalia by passengers in a car did not provide probable cause to search the defendant's car and belongings for controlled substances. There, the trial court found that the officers had no reason to connect the defendant, his car, or his belongings to the possession of drugs by the passengers in the car. Here, the officer testified that the odor of marijuana emanated from defendant's car. Combined with the actual possession of drugs by another person in the car, the officer had probable cause to search defendant's car for evidence of the passenger's possession. *Cf. State v. Morton,* 151 Or App 734, 739, 951 P2d 179 (1997), *rev den* 327 Or 521 (1998) (no reasonable suspicion to investigate passenger for possession of controlled substance where odor of marijuana was not associated with passenger and passenger's appearance was merely "despondent" and "droopy").

■        Defendant cites *State v. Turchik*, 53 Or App 499, 623 P2d 497 (1981), as authority for the proposition that the officer could not search the closed containers in her car. There, under a similar factual situation, we found that the officer's search of a closed container for contraband in the defendant's car was impermissible. However, that case is also distinguishable. *Turchik* was decided before the Supreme Court adopted the "automobile exception" to the Article I, section 9, warrant requirement, and the state did not argue exigent circumstances to support the search. *Id.* at 503-04. Further, in that case the officer testified that he did not suspect that contraband was in the container but that he searched it as a matter of course. *Id.* at 502. Here, defendant voluntarily admitted that her army bag held marijuana. Thus, Lange had particularized probable cause to search that bag and to believe that defendant possessed controlled substances, thus,

supporting probable cause to search defendant's purse. The entire search, therefore, was permissible, because probable cause combined with the exigency of the circumstances permitted the warrantless search of the car and its contents. The trial court did not err in denying defendant's motion to suppress evidence.

Affirmed.