Argued and submitted August 27, 2009, reversed and remanded January 20, petition for review denied June 11, 2010 (348 Or 415)

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

FRED JONATHON SMALLEY,
*Defendant-Respondent.*

Jackson County Circuit Court
074980FE; A138399

225 P3d 844

Douglas F. Zier, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Joshua B. Crowther, Senior Deputy Public Defender, argued the cause for respondent. On the brief were Peter Gartlan, Chief Defender, and Kristin A. Carveth, Deputy Public Defender, Appellate Division, Office of Public Defense Services.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

The state appeals an order suppressing evidence found during a warrantless search of defendant's backpack. ORS 138.060(1)(c). It argues that the search was lawful under the automobile exception to the warrant requirement. We agree. Accordingly, we reverse and remand.

The relevant facts are not in dispute. Medford Police Officer Jewell conducted a lawful traffic stop of a pickup truck in which defendant was a passenger. During the course of that stop, Jewell obtained the driver's consent to search the truck. Upon opening the driver's-side door, Jewell noticed the odor of marijuana. When he lifted the seat forward, the odor became stronger. Behind the seat, he found a backpack. As he got closer to the backpack, the odor of marijuana became still stronger; according to his testimony, it was "obvious" to him that the backpack contained "a large amount of marijuana." He opened the backpack, and, indeed, it contained a large amount of marijuana—approximately 62 ounces. After the driver denied owning the backpack, defendant admitted that it was his.

Defendant was charged with unlawful manufacture of marijuana, ORS 475.856, and unlawful possession of marijuana, ORS 475.864. Before trial, he moved to suppress the evidence obtained as a result of the warrantless search of his backpack. The state argued that the search fell within the automobile exception to the warrant requirement. *See State v. Brown*, 301 Or 268, 277, 721 P2d 1357 (1986) (recognizing an exception to the warrant requirement under Article I, section 9, of the Oregon Constitution); *accord State v. Meharry*, 342 Or 173, 180, 149 P3d 1155 (2006). The trial court rejected that argument, granted defendant's motion, and ordered that the evidence be suppressed:

> "After hearing the testimony and arguments of counsel the court finds that the warrantless search of defendant's backpack was in violation of Article I, section 9, of the Oregon Constitution. If the state is relying on the odor of marijuana to give it the right to search it is mistaken. Only if the closed container by its shape or openness precludes any other product would the police be justified in opening it without a warrant. There was not evidence here regarding

the size of the backpack or supporting the fact that it could not contain anything except marijuana. If the container was being seized as a part of the inventory of the vehicle, the automobile exception would not apply.

"A search warrant was required. Defendant's Motion to Suppress is granted."

On appeal, the state renews its argument that the search was lawful under the automobile exception. Defendant argues, in response, that "the state failed to demonstrate one of the two requirements of the exception: that [the officer] had probable cause to believe that evidence of a *criminal offense* (as opposed to a violation) would be found."[1] (Emphasis in original.) According to defendant, because possession of less than one ounce of marijuana is not a criminal offense, *see* ORS 475.864(3), the state needed to prove that the officer had probable cause to believe that defendant's backpack contained more than that amount, which, defendant asserts, it failed to do.

We review for errors of law, deferring to the trial court's factual findings where there is sufficient evidence in the record to support them. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). We conclude that the court erred in suppressing the evidence.

"[W]arrantless * * * searches * * * are *per se* unreasonable unless falling within one of the few specifically established and well-delineated exceptions to the warrant requirement." *State v. Davis*, 295 Or 227, 237, 666 P2d 802 (1983) (internal quotation marks omitted). One such exception is the automobile exception, under which

"probable cause to believe that a lawfully stopped automobile which was mobile at the time of the stop contains contraband or crime evidence justifies an immediate warrantless search of the entire automobile for the object of the search, despite the absence of any additional exigent circumstances."

---

[1] Defendant argues, in the alternative, that "the automobile exception in its current formulation should be narrowed or overruled." Because the automobile exception derives from Oregon Supreme Court precedent, we lack the authority to narrow or overrule it, even if we were to agree with defendant's argument. We therefore do not address that argument.

*Brown*, 301 Or at 277. In those circumstances, the police may search any area of the vehicle or any container within the vehicle in which they have probable cause to believe that the contraband or crime evidence may be found. *See id.* at 279 (upholding search of handbag found in car trunk); *see also State v. Miller*, 345 Or 176, 186, 191 P3d 651 (2008) (probable cause requires that an officer subjectively believe that the defendant has committed an offense and that the belief be objectively reasonable). The state need not articulate particular circumstances demonstrating the impracticality of obtaining a warrant; rather, exigency is presumed. *See State v. Coleman*, 167 Or App 86, 92, 2 P3d 399 (2000); *see also Meharry*, 342 Or at 180 ("[T]he exigency that permits the police to conduct a warrantless search of a mobile vehicle arises from the fact that the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." (Internal quotation marks omitted.)).

In its order, the trial court incorrectly states that "[o]nly if the closed container by its shape or openness precludes any other product would the police be justified in opening it without a warrant." In so asserting, the trial court appears to have relied on *State v. Kruchek*, 156 Or App 617, 969 P2d 386 (1998), *aff'd by an equally divided court*, 331 Or 664, 20 P3d 180 (2001). In that case, an officer stopped the defendant's vehicle for a traffic infraction and cited him for driving uninsured. *Id.* at 619. The officer then impounded the vehicle and began an inventory of its contents, during which he noticed a strong odor of marijuana emanating from a cooler in the back of the vehicle. *Id.* at 619-20. He opened the cooler and found marijuana. *Id.* at 620. On appeal from his conviction for possession of a controlled substance, the defendant argued that the trial court had erred in failing to grant his motion to suppress the marijuana. *Id.* We noted that "[t]he cooler in [the] defendant's vehicle was an opaque container that could have contained any number of items, * * * [including] marijuana." *Id.* at 621. Accordingly, we held that, "unless it is apparent that the container at issue *holds nothing other than contraband*, * * * a warrant is required before the police lawfully can open it, unless an exception to the warrant requirement applies." *Id.* at 623 (emphasis added). The automobile exception, we concluded, did not apply,

because the vehicle already had been impounded by the time that the officers opened the container and, consequently, any exigency created by the vehicle's mobility had been extinguished. *Id.* at 624. Thus, we concluded that the trial court had erred in failing to suppress the evidence.

*Kruchek* is easily distinguishable. Here, the trial court made no finding that the vehicle was impounded or otherwise immobile at the time that it was stopped, and the record contains no such evidence. The court's conditional statement that, *"[i]f* the container was being seized as a part of the inventory of the vehicle, the automobile exception would not apply," is correct, but irrelevant. (Emphasis added.) The record contains no evidence whatsoever that the truck was impounded or that Jewell was in the process of conducting an inventory of its contents when he searched defendant's backpack. The court's reasoning, we conclude, was erroneous.

■ Rather, the automobile exception applied. As stated above, to establish that exception, the state must show (1) that the truck was mobile at the time that Jewell stopped it and (2) that probable cause existed for the search of the backpack—that is, that Jewell subjectively and reasonably believed that defendant's backpack contained contraband or crime evidence. Defendant does not dispute that the truck was mobile at the time that it was stopped by police. And Jewell's testimony—that he "noticed the odor of marijuana"; that the odor "[got] stronger" as he got closer to the backpack; that it was "obvious to [him] that there[ ] [was] a large amount of marijuana in [it]" because the odor "permeat[ed] out of [it]"; that the odor had been "pretty strong," "probably about a six or seven" on a scale of one to 10; and that, based on his training and experience, which included "the opportunity to seize various amounts of marijuana," he had been able to "tell that there was a significant amount"—is more than sufficient to establish that he believed that defendant's backpack would contain at least some amount of contraband and that his belief was reasonable.

According to defendant, that objectively reasonable belief was not enough; rather, the officer had to believe that the backpack contained more than an ounce of marijuana,

because possessing an amount smaller than that is not a crime. Without probable cause to believe that evidence of a *crime* would be found, no search was justified.

Defendant's position finds some support in our cases. In *State v. Tallman*, 76 Or App 715, 720, 712 P2d 116 (1985), we held that "possession of less than one ounce [of marijuana] cannot by itself create probable cause to search for more." However, that case was decided before the Supreme Court articulated the automobile exception in *Brown*. The court relied instead on the exception to the warrant requirement for searches incident to arrest. Because ORS 133.310(1)(b) (1983) prohibited warrantless arrests for violations, the arrest that purportedly justified the search was unlawful, thereby tainting the search itself. *Tallman*, 76 Or App at 718. In *State v. Quigley*, 100 Or App 418, 422, 786 P2d 1274 (1990), we held that, because police officers had probable cause to believe that the defendant's automobile contained more than an ounce of marijuana, they properly arrested the defendant and that, therefore, the subsequent search incident to that arrest was lawful. Defendant, by negative inference, draws the conclusion that, had the only evidence been of less than an ounce, the subsequent search would have been unlawful. Again, however, the court decided the case based entirely on the search incident to arrest argument and did not address the automobile exception.

In *State v. Bingman*, 162 Or App 615, 986 P2d 676 (1999), we did address a claim that the automobile exception did not apply when the only evidence of marijuana in the vehicle was odor. We appeared to accept the defendant's premise—evidence of a mere violation did not justify a search under the automobile exception—but rejected his argument on the facts:

> "We have explained that, because possession of less than an ounce of marijuana is a 'violation,' not a criminal 'offense,' possession of such a small quantity cannot, by itself, support probable cause for an arrest or search. [*Tallman*, 76 Or App] at 718, 721. However, 'the discovery of less than one ounce is a relevant fact that, when combined with other facts, may create probable cause' that a criminal offense has been committed. * * * *Quigley*, 100 Or App [at] 422 * * *. That is the case here. The passenger,

who was sitting in the car, possessed marijuana. The odor of marijuana, likewise, emanated from the car. The officer testified that, in his experience, the strength of the odor led him to believe a larger amount of marijuana remained in the car. He likened it to a pickup truck full of marijuana. Those circumstances provided a 'substantial objective basis' for believing that it was 'more likely than not' that the passenger had committed the criminal offense of possession of more than one ounce of marijuana and that defendant's car contained the evidence of that offense. ORS 131.005(11) (definition of 'probable cause')[.]"

*Bingman*, 162 Or App at 619-20. According to defendant, *Bingman* stands for the proposition that, first, the automobile exception requires probable cause to believe that a crime, not a mere violation, has occurred, and second, that a strong odor cannot by itself form the basis for an objectively reasonable belief that an automobile contains more than an ounce of marijuana. Additional evidence is necessary, defendant contends, and, in the present case, there is nothing beyond odor.

We reject defendant's argument. *Bingman* overstated the import of *Tallman*. That case, as noted, holds only that possession of less than an ounce of marijuana cannot, by itself, support probable cause for an arrest or a search *incident to* an arrest. It says nothing about an automobile search.[2] In fact, this court has never directly confronted the question whether the automobile exception encompasses situations in which an officer has probable cause to believe a violation, as opposed to a crime, has occurred. *See* ORS 161.505 (offense is either crime or violation). *But see* ORS 131.005(6) ("criminal action" includes prosecution for commission of a violation). However, the Supreme Court in *Brown* specified that "probable cause to believe that a lawfully stopped automobile which was mobile at the time of the stop contains *contraband or crime evidence* justifies an immediate warrantless search of the entire automobile." 301 Or at 277 (emphasis added). By using the phrase, "contraband or

---

[2] Nor does *Bingman* hold that an odor, by itself, cannot support an automobile search. It implies as much, but, because we concluded that additional evidence existed, we did not have to confront the situation in which such additional evidence did *not* exist.

crime evidence," the court signaled its understanding that the two things were not identical and that probable cause to believe in the presence of either could justify an automobile search; *see also* ORS 133.535(2) ("contraband" is subject to search and seizure).

Defendant does not argue that marijuana becomes contraband only in quantities of more than an ounce, and we know of no authority for that proposition. Indeed, both the legal and common definitions of "contraband" indicate that the term encompasses anything that the law prohibits possessing. *Black's Law Dictionary* defines "contraband" as "[g]oods that are unlawful to import, export, produce, or possess." *Id.* at 365 (9th ed 2009); *see also Webster's Third New Int'l Dictionary* 494 (unabridged ed 2002) ("goods or merchandise the importation, exportation, or sometimes possession of which is forbidden"). Marijuana falls within these definitions regardless of its quantity.

In sum, we conclude that the officer in the present case had probable cause to believe that the lawfully stopped vehicle was capable of movement and that it contained contraband. That belief was objectively reasonable. His search of the vehicle's contents, including defendant's backpack, was therefore lawful. The trial court erred in suppressing evidence found therein.

Reversed and remanded.