Submitted September 7, reversed and remanded October 24, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CODY JOE JONES,
*Defendant-Appellant.*

Curry County Circuit Court
10CR0913; A148486

289 P3d 360

Peter Gartlan, Chief Defender, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Douglas F. Zier, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Brewer, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

This is a criminal case in which defendant was convicted of unlawful possession of marijuana and third-degree theft. On appeal, defendant contends that the trial court erred in denying his motion to suppress evidence resulting from a warrantless search of his pants pocket after he was stopped for a traffic violation. The trial court concluded that the search was justified under the automobile exception to the warrant requirement embodied in Article I, section 9, of the Oregon Constitution.[1] Defendant argues, and the state concedes, that the automobile exception did not justify the search in this case, because defendant was standing outside of the car when the search occurred, and no other exception to the warrant requirement applied to the search. We agree and, therefore, reverse and remand.

Under the automobile exception, first announced by the Supreme Court in *State v. Brown*, 301 Or 268, 721 P2d 1357 (1986), "[a]n officer may lawfully search a stopped vehicle and its contents without a warrant or consent if the vehicle was mobile when it was stopped and if the officer had probable cause to believe that seizable items would be found." *State v. Foster*, 350 Or 161, 169, 252 P3d 292 (2011) (citing *Brown*, 301 Or at 274-76). Under those circumstances, "the police may search any area of the vehicle or any container within the vehicle in which they have probable cause to believe that the contraband or crime evidence may be found." *State v. Smalley*, 233 Or App 263, 267, 225 P3d 844, *rev den*, 348 Or 415 (2010) (citing *Brown*, 301 Or at 279). Nothing in *Brown*, or the cases that have followed, extends the automobile exception to a search of a defendant's person while the defendant is standing outside the car, as occurred in this case. Nor, as the state also acknowledges, does any other exception to the warrant requirement justify the

---

[1] Article I, section 9, provides:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

search of defendant's person. The trial court thus erred in denying defendant's motion to suppress.

Reversed and remanded.