Submitted September 7, reversed and remanded November 7, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DEVERY RANDALL FREEMAN,
*Defendant-Appellant.*

Curry County Circuit Court
11CR0002; A148278

290 P3d 908

Peter Gartlan, Chief Defender, and Lindsey K. Detweiler, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and David B. Thompson, Senior Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

During a traffic stop, a police officer searched defendant, the car's driver, and discovered methamphetamine in his pants pocket. Defendant was then charged under ORS 475.894 with one count of possession of methamphetamine, and he moved to suppress the evidence discovered in his pocket on the ground that the search of his person was unlawful. In response, the state argued that the search of defendant was authorized by the automobile exception to the warrant requirement. The trial court agreed with the state, denied the motion to suppress, and convicted defendant on stipulated facts.

On appeal, defendant argues that the trial court erred in denying his motion to suppress, because the automobile exception to the warrant requirement does not extend to searches of a vehicle's occupants. The state now concedes that the search of defendant was unlawful under the Fourth Amendment to the United States Constitution, because the automobile exception authorizes a warrantless search of a vehicle but not body searches of the vehicle's occupants. *United States v. Di Re*, 332 US 581, 586-87, 68 S Ct 222, 92 L Ed 210 (1948). We agree, accept the confession of error, and reverse.

Reversed and remanded.