Argued and submitted January 26, 2016, affirmed February 23, petition for
review allowed June 15, 2017 (361 Or 543)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT GRANT KLINE,
*Defendant-Appellant.*

Wasco County Circuit Court
1200296CR; A157007

389 P3d 404

Morgen E. Daniels, Deputy Public Defender, argued the
cause for appellant. With her on the brief was Peter Gartlan,
Chief Defender, Office of Public Defense Services.

Susan G. Howe, Assistant Attorney General, argued the
cause for respondent. With her on the brief were Ellen F.
Rosenblum, Attorney General, and Paul L. Smith, Deputy
Solicitor General.

Before Ortega, Presiding Judge, and Lagesen, Judge,
and Garrett, Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for one count of delivery of marijuana for no consideration, ORS 475.860(2) (2012), assigning error to the trial court's denial of his motion to suppress the evidence of the marijuana on which his conviction is predicated. Officers found the marijuana after Officer Williams, upon observing defendant commit several traffic violations while driving, initiated a traffic stop while defendant's vehicle was moving. During the stop, officers developed probable cause that defendant's vehicle contained marijuana and searched it without a warrant. Defendant moved to suppress the evidence of the marijuana on the ground, among others, that the warrantless search violated his rights under Article I, section 9, of the Oregon Constitution. The trial court denied the motion, concluding that the automobile exception to the warrant requirement, adopted by the Supreme Court in *State v. Brown*, 301 Or 268, 273-79, 721 P2d 1357 (1986), authorized the search.

On appeal, defendant contends that the trial court erred when it concluded that the automobile exception authorized the search of his vehicle. In particular, defendant argues that the exception does not apply where, as here, officers lawfully stop a moving vehicle for a traffic violation and do not suspect that the vehicle has a connection to criminal activity until after they bring the vehicle to a stop. In *State v. Bliss*, 283 Or App 833, 390 P3d 1099 (2017), decided today, we rejected an identical argument. We therefore reject defendant's argument for the reasons stated in that case.

Affirmed.