Argued and submitted September 16, 2016, affirmed March 22, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CORY HOWARD THARP,
*Defendant-Appellant.*

Marion County Circuit Court
14C40185; A158640

391 P3d 931

Anna Melichar, Deputy Public Defender, argued the cause for appellant. With her on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Leigh A. Salmon, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for one count of delivery of marijuana for consideration, ORS 475.860(2)(a) (2013), *amended by* Or Laws 2015, ch 1, § 78, Or Laws 2015, ch 614, § 122, Or Laws 2016, ch 24, § 44, assigning error to the trial court's denial of his motion to suppress evidence obtained as a result of a traffic stop. A police officer saw defendant driving a car with expired registration tags, so the officer stopped defendant for the violation. During the course of the traffic stop, the officer developed probable cause to believe that the car contained marijuana. The officer's ensuing search of the car led to the discovery of marijuana, pipes, and a scale. Defendant moved to suppress that evidence arguing, among other things, that the automobile exception to the warrant requirement was inapplicable because the officer had stopped defendant for a traffic violation and not for a crime and, accordingly, the warrantless search violated his rights under Article I, section 9, of the Oregon Constitution. The trial court denied defendant's suppression motion, concluding that the automobile exception applied to the search. Defendant conditionally pleaded guilty to one count of delivery of marijuana for consideration and reserved the right to appeal the denial of his suppression motion. *See* ORS 135.335(3).

On appeal, defendant contends that the Supreme Court's decision in *State v. Kurokawa-Lasciak*, 351 Or 179, 192, 263 P3d 336 (2011), limits the automobile exception to vehicular stops in which an officer first encounters or stops a moving vehicle in connection with a crime. Thus, according to defendant, the automobile exception does not apply in circumstances in which officers lawfully stop a driver of a moving vehicle for a traffic violation and, in the course of the stop, develop probable cause to believe that the vehicle contains evidence of a crime. We recently rejected that argument in *State v. Bliss*, 283 Or App 833, 842, 390 P3d 1099 (2017), and, for the reasons stated there, we reject defendant's argument.

Affirmed.