Submitted November 22, 2016, affirmed March 22, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM BEDFORD HARVEY,
*Defendant-Appellant.*

Gilliam County Circuit Court
140043CR; A159321

392 P3d 828

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Flynn, Judge, and DeHoog, Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for possession of methamphetamine, ORS 475.894, assigning error to the trial court's denial of his motion to suppress. Defendant's car was stopped by two Gilliam County Sheriff's deputies because defendant failed to signal a lane change. While one of the deputies processed defendant's citation, the other walked a drug-detection dog around defendant's car. The dog alerted to the car, indicating the presence of illegal drugs inside. The deputies then conducted a warrantless search of the car, during which they discovered substances that tested positive for methamphetamine and heroin.

Defendant was indicted for possession of methamphetamine and heroin. He moved to suppress the evidence of those crimes discovered during the warrantless search of his car, contending that the evidence was inadmissible under the automobile exception to the warrant requirement and that no other exception applied. *See State v. Brown*, 301 Or 268, 277, 721 P2d 1357 (1986) ("[P]robable cause to believe that a lawfully stopped automobile which was mobile at the time of the stop contains contraband or crime evidence justifies an immediate warrantless search of the entire automobile for the object of the search, despite the absence of any additional exigent circumstances."). The trial court denied the motion, concluding that the evidence was admissible under the automobile exception.

Defendant conditionally pleaded guilty to possession of methamphetamine, reserving the right to challenge the denial of his motion to suppress on appeal. The court entered a judgment of conviction for that offense and dismissed the possession of heroin charge.

On appeal, defendant argues, as he did in the trial court, that "the automobile exception did not justify the warrantless search of defendant's car because the deputies did not encounter defendant's moving car in connection with a crime, but only in connection with a traffic violation." We rejected that argument in *State v. Bliss*, 283 Or App 833, 842, 390 P3d 1099 (2017), holding that "the Oregon automobile exception adopted in *Brown* applies where, as here,

police lawfully stop a moving car for a traffic violation and develop probable cause to search the car for contraband or evidence of criminal activity." Defendant does not challenge the trial court's conclusion that he was lawfully stopped in a moving car for failing to signal a lane change or its conclusion that the deputies developed probable cause to search his car for drugs when the drug-detection dog alerted. *See State v. Foster*, 350 Or 161, 163, 252 P3d 292 (2011) ("[A]n alert by a properly trained and reliable drug-detection dog can be a basis for probable cause to search."). Therefore, the trial court correctly concluded that the search of defendant's car was authorized under the automobile exception and, accordingly, did not err in denying defendant's motion to suppress.

Affirmed.